Tyler, Adm'r. of Combs *vs* Nelson.

APPEAL FROM THE FULTON CIRCUIT.

*Witness. Release.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

DEBT.

*Case 27.*

January 2.

Case stated.

IN this action of debt against the administrator of L. Combs, upon a note purporting to be signed by his name and mark, and attested by a subscribing witness, the administrator pleaded that the note was not the act and deed of Combs. To sustain his side of the issue on this plea, the administrator offered as a witness, among others, Mrs. Polly Combs, the widow of L. Combs, to whom he had by his will devised the whole of his estate during her life, after which it was to go to her children; to the exclusion of his children by a former marriage. And the only material question in the case, is whether she was made a competent witness, by the release which she executed for the purpose, in the following words:

"Know all men by these presents, that I, Polly Combs, as widow and devisee of Laborn Combs, dec'd., do hereby release to A. S. Tyler, the administrator of said Combs, deceased, and the heirs, legatees and devisees of said Combs, deceased, all my right and title to such an amount of said decedent's estate in the hands of said adminstrator, or coming to him as such, and said heirs, legatees and devisees aforesaid, as shall be equal to the whole debt sued for by Robert Nelson, and the interest and costs of the same, and said suit."

Waiving all verbal criticism, this release, if operative at all, is an absolute relinquishment of as much of the estate as is equal to the demand in suit, and the costs, and divests the party of her right to that extent, whatever may be the result of the suit, without providing that the amount thus relinquished, should in the event of the plaintiff's success, be applied to the payment of his demand, but rather exempting it from such appli-

A widow to whom the whole estate of the husband was devised for life, remainder to her children, released to the adm'r, heirs and devisees of the decedent all her right in the estate to such, in the hands of

KISTEN
*vs*
HILDEBRAND.
the adm'r as
should be equal
to the debt sued
for, interest and
costs—Held that
such a release
did not qualify
her to be a wit-
ness for the ad-
ministrator.

cation, and thus leaving the interest of the releasor subject to be affected by the judgment to the same extent as if there was no release, or at any rate, to an extent proportional to her interest in the residue of the estate as compared with the amount released. And as we do not perceive how she could, by her own act, secure the appropriation of the amount released to the satisfaction of the plaintiff's judgment, without affecting the residue of the estate, we do not perceive how she could, by her own act, divest herself of all interest in this suit, except by divesting herself of all interest in the estate of her deceased husband. The release actually executed, is in effect but an assignment of a part of her interest, leaving the residue subject to be affected by the judgment, should one be obtained. And it was properly decided to be insufficient to make her a competent witness. The only remaining question made by the defendant on the trial was clearly unavailable, and need not be stated, and as the evidence authorized the verdict for the plaintiff, there was no error in refusing a new trial.

Wherefore, the judgment is affirmed.

*J. & W. L. Harlan* for appellant; *E. I. Bullock* for appellee.