.JUD&E HARDIN
delivered the omhioh oe the court.
The appellees commenced this action in the Lawrence Circuit Court against James H. Marcum for the recovery of $320.85, upon an account for goods and merchandise sold and delivered to him, and afterward, on an amended petition alleging that the appellant, Z. C. Vinsen, was a secret partner of Marcum, sought to recover against them jointly. Marcum did not defend the action, and a judgment was rendered against him by default. Vinsen filed an answer, controverting all the material allegations of the petition as amended; and it being afterward suggested of record that the judge of the court had been engaged as an attorney for one of the parties, and they not agreeing in the selection of a special judge to try the case, it was transferred, without objection, to the Greenup Circuit Court, in which court the cause was prepared and finally tried; the defendant in the mean time amending his answer, and presenting the additional ground of defense that he was an infant at the time of the sale and delivery of the goods, and not legally bound by the contract of purchase.
The issues being tried in equity, the court rendered a judgment against Vinsen, and he has appealed to this court.
The first ground assigned for a reversal is, that as no attempt was made to elect a special judge of the Lawrence Circuit Court,' as contemplated by the amendatory act of January 2, 1866 (Myers’s Supplement, page 693), the order changing the venue was unauthorized, and the Greenup Circuit Court did not acquire jurisdiction of the cause; but, however irregular the action of the court may have been in transferring the cause, the apparent acquiescence of the appellant in it, and his subsequent appearance in the Greenup court, and failure to object to its jurisdiction, constituted a waiver of any right he may have had to do so in the court below, and it is not now an available ground for reversing the judgment in this court.
*460 But although the evidence conduces not only to prove the existence of a secret partnership between the appellant and Marcum in the purchase of the goods, but a fraudulent combination between them to effect the purchase of the goods, ostensibly by Marcum alone, on the false representations of the appellant as to his solvency, in order that they might both profit by obtaining the goods; yet,as the action was founded on the contract, and sought to enforce a joint liability of the appellant with Marcum, and not to avoid the sale and reclaim the goods, nor even to recover on the ground of fraud practiced by the appellant, the fact of his infancy being proved, it constituted a bar to the action, and the court should have so adjudged.
This case differs essentially from the case of Bailey v. Bamberger, 11 B. Monroe, 113, and others to which we have been referred, which sustain the doctrine that under peculiar circumstances ah infant seeking to avoid his executed contract, and recover back property sold or exchanged for a fair equivalent without restoring the consideration, will be denied relief.
Wherefore the judgment is reversed, and the cause remanded with directions to dismiss the action.