*W. J. McConathy, I. & J. Caldwell, for appellees.*

---

JNO. W. SHELBY v. LEWIS MOCK.

**Venue—Jurisdiction—Waiver.**

> Where a party, after a change of venue to another county appeared in the court at the latter county and filed exceptions to depositions

in the cause, obtained a continuance of the action, and in other things acquiesced in the exercise of jurisdiction of the court, his conduct constituted a waiver of any right which he may have had to have the cause remanded to the county from which the venue was changed.

### Appeal—Harmless Error—Character of Witness.

A special examination as to the character of a witness, no matter how illegal it may have been, is not reversible error, where the witness has been thoroughly discredited and no effort was made to sustain his character.

### Trial—Verdict.

A verdict was held sufficiently certain to authorize a judgment, notwithstanding the omission of the word "dollars," where its tenor and effect are unmistakable.

### Trial—Irregularity—Estoppel.

Where appellee's attorney had knowledge that certain depositions, not read to the jury, were taken by them to the jury room with the papers in the case, such knowledge of the attorney amounts also to knowledge of the parties, and failure to take any steps to prevent the illegality amounts to estoppel of the parties from asking the court to set the verdict aside on account of such irregularity.

APPEAL FROM MERCER CIRCUIT COURT.

October 29, 1873.

OPINION BY JUDGE LINDSAY:

After the venue had been changed from the Boyle circuit court to the circuit court of Mercer County, and before objection was taken to the jurisdiction of the latter court, appellant appeared therein, filed exceptions to depositions, moved for and obtained a continuance of the action, and in other things acquiesced in the exercise of jurisdiction by that court. This conduct constituted a waiver of any right he may have had to have the cause remanded to the Boyle Circuit, and hence his motion to that effect, when made, was properly overruled. Vinsen v. Lockard & Ireland, 7 Bush 458.

Jacobs had actual notice of the action of Mock v. Shelby, and made himself a party thereto. If it can be gathered from his answer and cross-petition that he has any shadow of claim to the notes sued on, the fact that he did not ask judgment on them in his own favor, but confined his prayer to relief against Mock, and then upon his own motion had his branch of the

litigation transferred to equity, authorized the court to proceed to try the issues made up between Mock and Shelby, and the judgment against the latter may be enforced without danger to him on account of the claim of Jacobs. He, Jacobs, must look to Mock alone, in case appellant shall satisfy the judgment in Mock's favor. The court and both the parties, in giving and asking instructions, properly took this view of the case.

It is not material whether or not the court erred in refusing to exclude from the jury the depositions of the two wards, Williams, Rice, Orear, Fry and Christmas. Appellant persisted in defending upon the ground that Boyle had executed the deed of assignment to Jacobs upon the notes when transferred to Mock. As before stated, the action of Jacobs in litigating alone with Mock, fully deprived them of this question, so far as the controversy between Mock and Shelby was concerned; and as it would have been the duty of the court, under any proof that might have been made, to so instruct the jury, Shelby could not have been prejudiced by the reading of these depositions. For the same reason he was not prejudiced by the testimony of Mock as to statements made by Brice in the absence of Shelby. Nor can we see how appellant could have been prejudiced by the irregular examination of witnesses introduced to impeach his witness, M. A. Jones.

The proper question as to knowledge of general character for morality and veracity, was first put to each witness. After each had stated that he had such knowledge, and stated further that her reputation was bad, and that she was not entitled to be believed, on oath, questions were asked and answered as to her keeping a bawdy house. Having been first completely broken down, and no effort having been made to sustain her character, this special examination, however irregular it may have been, did not tend to lessen the weight the jury would give to her statements. As matter of fact, it was impossible for a rational juror to have believed her at all, leaving out of view the facts disclosed by the irregular examination.

The instructions given conform to the views heretofore expressed and correctly presented the issues to the jury. Instruction No. 4 is not misleading. There was evidence conducing to show that Mock was induced to endorse the bill of exchange drawn in favor of Julian and Mitchell, by the agreement

of Brice to deliver to him, as collateral security, the notes sued on, and also that on the day they were delivered, Shelby agreed to pay them. It is true that Shelby did not so agree before the bill was endorsed, but if he induced Mock to accept his notes instead of demanding others, he cannot now be allowed to set up against Mock a defense not in existence.

The qualification added by the court to instruction No. 2, as asked by appellant, was proper; without it the jury would have been debarred from inquiring as to whether the receipts were genuine, or were contrivances arranged and executed for the purposes of this trial.

The verdict of the jury was sufficiently certain to authorize the judgment, without the correction made by the court. Its tenor and effect was not only patent, but unmistakable, notwithstanding the omission of the word "dollars."

P. B. Thompson, Sr., who is one of the attorneys for appellant and who represented him upon the trial of the cause in the court below, states in his affidavit, positively and of his own knowledge, that certain depositions not read as evidence were taken by the jury to their room, and returned by them with the papers of the case.

The knowledge of Thompson as to a matter directly pertaining to proceedings in court, must be treated as the knowledge of appellant. Now, knowing that the jurors had possession of papers that could not properly be considered by them, and failing to take any steps whatever to prevent the irregularity about to be committed, it does not lie in his mouth to ask the court to set aside the verdict on this account. He did not speak when he ought to have spoken, but speculated upon the action of the jury, and now seeks to take advantage of a fact he would probably never have disclosed had the finding been in his favor.

Such management as this is not to be tolerated by the courts. The motion for a new trial was properly overruled, none of the grounds being sustained.

Judgment affirmed.

*J. B. & P. B. Thompson, for appellant.*

*McKee, Bell, Harding, for appellee.*