CASE 72.—CONDEMNATION PROCEEDING BY THE MADISONVILLE, HARTFORD & EASTERN R. R. CO., AGAINST LAND OF W. M. WARDEN.—May 9.

# Warden v. Madisonville, H. & E. R. R. Co.

Appeal from Ohio Circuit Court.

· T. F. BIRKHEAD, Circuit Judge.

Defendant appealed from the county court to the circuit court, and from the judgment of the circuit court.  Reversed.

1.  Venue—Change—Discretion of Court—The question of granting a change of venue is addressed to the sound discretion of the trial court, and his action will not be disturbed unless the discretion is abused.

2.  Appeal—Review—Objections not Raised Below—A party cannot complain that the trial court erroneously limited the number of witnesses where no objection or exception was taken.

Warden v. Madisonville, H. & E. R. R. Co.

3. Trial—Exclusion of Witnesses from Courtroom—Discretion—In a condemnation proceeding by a railway company the trial court did not abuse a sound discretion in allowing the president of the company to remain in the courtroom, though he was a witness, and the other witnesses were put under rule, since the court may allow a corporation's agent to remain in the courtroom to assist in managing its case.

4. Eminent Domain — Condemnation Proceedings — Railroad — Necessity—Question for Court—Under Ky. Stats., 1903, section 768, providing a railroad company may condemn lands adjacent to its road necessary for the proper operation, etc., it is not necessary for the company in its petition for condemnation to allege more than that the land proposed to be taken is necessary, and joinder of issue upon that question raises a question of law.

5. Same—Corporation—Organization—Collateral Attack—Under Ky. Stats., 1903, section 763, a railroad company organized thereunder may not transact business until certain things are done and a certificate is issued by state officers. Section 566, in the same chapter, provides that no person transacting business with any corporation organized under the chapter or sued for injury to its property may rely upon the corporation's want of legal organization as a defense. Held, that since one who claims the right to exercise eminent domain when the right is denied must show his authority to exercise it, and since the effect of section 566 is that other persons than those named therein may rely upon want of legal organization as a defense to an action by a corporation, the owner of land sought to be condemned by a company claiming organization under section 763 may deny its incorporation where it is not disclosed that the provisions of that section had been complied with.

W. SCOTT MORRISON for appellant.

### SYNOPSIS OF POINTS DISCUSSED.

1. The motion of appellant for a change of venue should have been sustained.

2. The lower court erred in sustaining appellee's demurrer to appellant s exceptions.

3. It was error to limit appellant to the right to introduce four witnesses, only, on the trial of this action.

4. The court erred in admitting incompetent testimony in behalf of appellee.

5. The assessment of damages by the jury, is too small and the verdict is not sustained by the evidence.

6. The petition as well as the report of the commissioners fails to show necessity for taking a strip of land 200 feet wide.

7. The width of a strip of ground which a railroad company may take for a right of way, is fixed by the Statute and no land can be taken beyond the limits of that strip, except as may be specially authorized by the State for the reasons therein stated, and which do not apply in this case. (Ky. Statutes, sec. 768, sub-sec. 4; Elliott on Railroads, vol. 3, sec. 973; and the authorities cited in support of the text. Tracy, &c., v. Elizabethown, Lexington and Big Sandy Railroad Company, 80 Ky., 259.)

J. S. GLENN for appellee.

R. E. L. SIMMERMAN of counsel.

POINTS DISCUSSED.

1. The granting of a change of venue is addressed to the sound discretion of the trial court, and its action will not be reversed unless there is a manifest abuse of that discretion. (Drake v. Holbrook, 28 Ky. Law Rep., 1319.)

2. The proper organization of the company is not a proper exception and can not be raised collaterally. (Walton v. Riley, 8ɔ Ky., 413; Patterson & Greenwood Turnpike Co. v. Bobbs, 88 Ky., 226.)

3. The necessity and public use of the amount of land sought to be condemned is a question solely for the court to determine, and not the jury. (Reid v. Louisville Bridge Co., 8 Bush, 69; 15 Cyc., 864; Tracy v. R. R. Co., 3 Ky. Law Rep., 813.)

4. Trial courts have the inherent power to limit the number of witnesses that they may introduce on either side. (3rd Wigmore on Evidence, 1907, 1908; Seale v. Chambers, 9 Ky. Law Rep., 105; Kash v. Miller & Richart, 2 Bush, 568.)

5. Even if the court was mistaken in limiting the number of witnesses appellant could not be heard to complain, because he neither offered to introduce other witnesses nor objected or excepted to the order limiting the number.

6. Appellant was permitted, without limitation from the court, to examine his witnesses in his own way and the evidence of appellee was in conformity to the rule of this court. (Big Sandy Ry. Co. v. Dils, &c., 27 Ky. Law Rep., 952.)

7. The instructions given by the court were taken literally from those approved by this court in the case cited above of Big Sandy Ry. Co. v. Dils, 27 Ky. Law Rep., 952.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

The Madisonville, Hartford & Eastern Railroad Company filed its petition in the Ohio county court to condemn for its right of way a strip of land across the farm of W. M. Warden containing something over nine acres. Commissioners were appointed, who assessed the damages at $269. Warden filed exceptions to the commissioners' report, and also filed affidavits and petition for a change of venue. The county court overruled the motion for a change of venue. A jury was impaneled who, after hearing the evidence and viewing the premises, fixed the damages at $600. Warden took an appeal to the Ohio Circuit court. In that court he renewed his motion for a change of venue, which was again overruled. The case was tried then before a jury who fixed the damages at $500. The court entered judgment upon the verdict, and he has appealed to this court.

There were a number of affidavits filed to the effect that the local feeling in the county was so strong in favor of the railroad company that the landowner who lived in the county could not get a fair trial there. Numerous affidavits were filed to the contrary. The evidence was numerically not far from equal. The question of a change of venue is addressed to the sound discretion of the trial court, and his discretion in the matter will not be disturbed unless abused. Taking the evidence as a whole, we see no reason for disturbing the conclusion of the chancellor. Drake v. Holbrook, 92 S. W. 297, 28 Ky. Law Rep. 1319.

The evidence before the jury was very conflicting, but their verdict is not against the weight of the evi-

dence.    The  jury  visited  the  premises,  and  some
weight must be given to this fact.  The court limited
each party to the introduction of four witnesses on
the trial, but no objection or exception was taken to
this, and therefore no complaint can be made of it
here.

The court did not abuse a sound discretion in allow-
ing Rowan Holbrook, the president of the railroad
company, to remain in the courtroom, although he
was a witness and the other witnesses were put under
rule.   He was not a party to the action, and was
therefore competent as a witness, although other wit-
nesses had been introduced before he was intro-
duced.   The court should have required him sworn
first if he had been asked to do so.   The court
in its discretion may allow the agent of the cor-
poration to remain in the court room with his counsel
to assist in the management of its case.   The strip of
ground condemned by the railroad company is in part
200 feet wide and in part 80 feet wide.   The width of
the strip is due to the fact that there is to be a side
track at this point, and there is a considerable cut and
fill.   Section 768, Ky. St., 1903, confers, among other
things, this power on the railroad company:  ''To lay
out its road not exceeding one hundred feet in width,
and if more than one track is laid, fifty feet additional
for each track, and construct the same; and for the
purpose of cutting or embankments, and procuring
stone, gravel or other material, or for the purpose of
draining its roadbed, to take in the manner herein
provided, such other lands in the vicinity of or adja-
cent to its road as may be necessary for the proper
construction, operation and security of its road.''   It
will thus be seen that the company is authorized to
take, in addition to the strip first provided for, ''such

other lands in the vicinity of or adjacent to its road
as may be necessary for the proper construction,
operation and security of its road." It was not neces-
sary for the plaintiff in its petition to allege anything
more than that the land proposed to be taken was
necessary. The defendant may take issue upon this
question if he desires to do so; but the question is one
of law for the court, and must be determined by the
court. Reed v. Louisville Bridge Company, 8 Bush
69; Tracy v. Railroad Co., 80 Ky. 259, 3 Ky. Law Rep.
813; C., St. L. & N. O. R. R. Co. v. Liebel, 86 S. W.
549, 27 Ky. Law Rep. 716, 15 Cyc. 864, 2 Lewis on
Eminent Domain, section 393.

The court erred, however, in sustaining the plain-
tiff's demurrer to so much of the defendant's answer
as denied the incorporation of the plaintiff. It has
been held by this court several times that, where cor-
porations are created by a special act of the legisla-
ture, the court must take judicial notice of the act, and
that the legality of the organization of the corpora-
tion can only be attacked in a direct proceeding
against the corporation, not collaterally in a proceed-
ing brought by it. Wight v. Railroad Co., 16 B. Mon.
5, 63 Am. Dec. 522; Gill v. Mining Company, 7 Bush
635. It has also been held that corporations created
under chapter 56 of the General Statutes may com-
mence business as soon as the articles are filed for
record in the office of the county clerk, and that, if
there is any irregularity in the organization, such de-
fects can be taken advantage of only in a direct pro-
ceeding to annul the franchise. Walton v. Riley, 85
Ky. 415, 9 Ky. Law Rep. 29, 3 S. W. 605. The plain-
tiff was not incorporated by a special act of the legis-
lature and was not organized under the General
Statutes, but under section 763, Ky. Stats., 1903:

"Any number of persons, not less than seven, may associate to form a corporation for the purpose of constructing, operating and maintaining a railroad. Such persons shall execute articles of incorporation, which shall specify the name of the proposed railroad, the number of years the corporation is to continue, the amount of its capital stock, and the number of shares into which the same shall be divided; the number of directors, which shall not be less than five nor more than fifteen, and their names; the places from and to which, and the name of each county into or through which it is intended to be constructed, and its length as near as may be. Each subscriber to such articles shall set opposite his name his place of residence and the number of shares subscribed by him. Whenever two hundred and fifty dollars per mile has in good faith been subscribed, and twenty per cent. thereof paid in cash, to the persons named in the articles as directors, and an affidavit made to that effect by two of said named directors, and attached thereto, a copy of said articles and affidavit shall be field in the office of the railroad commissioners, and in the office of the Secretary of state, and when a certificate of such fact is delivered by the said officers to the incorporators, the persons who have subscribed such articles shall be a body corporate by the name specified in the articles, and as such may sue and be sued, contract and be contracted with, have a seal, and change the same at pleasure; may elect or appoint directors, who shall choose from their number such officers as may be necessary; may require from any officer or employee a bond for the faithful discharge of his duties, and prescribe such by-laws for its government, and exercise such powers as are necessary to the conduct of its business not

inconsistent with law.'' Section 766, Ky. Stats., 1903, is as follows: ''A copy of any articles of incorporation, or any amendments thereto, filed in the offices mentioned, and certified by the Secretary of State, shall be admitted as evidence for or against the corporation, and shall be prima facie evidence of the matters therein stated.'' It will thus be seen that a copy of the articles of incorporation filed as directed by section 763 and duly certified is prima facie evidence of the matters therein stated, but the corporation does not have the right to transact business until the certificate provided for by section 763 is delivered. The facts stated in the petition and admitted by the answer are not sufficient to show that section 763 has been complied with; and, from all that appears in the record, the plaintiff may not have complied with that section, and may not be authorized to condemn land under the provisions of sections 768, which is a part of the same article. The judgment taking the defendant's land cannot be sustained unless the plaintiff has the right under the law to condemn it. Section 566, Ky. Stats., 1903, is as follows: ''No corporation organized under this chapter shall be permitted to set up or rely upon the want of legal organization as a defense to any action against it; nor shall any person transacting business with such corporation, or sued for injury done to its property, be permitted to rely upon such want of legal organization as a defense.'' Warden has not transacted business with the company, and he is not sued for an injury done to its property. The exercise of eminent domain is the exercise of a high prerogative of sovereignty. It cannot be exercised by the ordinary citizen, and he who claims the right must, when his right is denied, show that he is authorized to exercise

it. Were the rule otherwise, property might be taken by persons who were not incorporated and had no right to take it; and, if the citizens were denied the right to show the facts, great injustice might be done him. The effect of section 566 must be that other persons than those named therein may be permitted to rely upon the want of legal organization as a defense to an action brought by the corporation.

On the return of the case to the circuit court, the court will set aside the order sustaining the demurrer to so much of the answer as denied the incorporation of the plaintiff, and will hear proof as to the incorporation and as to the necessity of the strip of land proposed to be taken. A copy of the articles of incorporation duly certified will make out a prima facie case for the plaintiff as to its incorporation. If the proof shall satisfy the court that the strip of land is necessary for the purposes of the railroad company, and that the railroad company has been properly incorporated, he will then enter a judgment upon the verdict of the jury. The verdict of the jury will stand, as there was no error in the proceedings before the jury, and the questions to be determined are purely questions of law for the court, but which must be determined by the court before a judgment taking the defendant's property for the plaintiff's use can properly be entered.

Judgment reversed, and cause remanded for further proceedings as herein indicated.