# Louisville & Nashville Railroad Company v. Nethery.

(Decided October 20, 1914.)

## Appeal from Spencer Circuit Court.

1. Venue—Change of Venue.—Evidence examined upon application for a change of venue, and held that the trial court did not abuse its discretion in denying the application.

2. Appeal—Review—Discretion of Lower Court—Change of Venue.— The question of granting an application for a change of venue is addressed to the sound discretion of the trial court and refusal to grant an application for change of venue will not be disturbed on appeal unless it appears that there has been an abuse of discretion.

3. Evidence—Documentary Evidence—Public or Official Acts, Proceedings, Records and Certificates—Municipal Ordinances.—An ordinance in force in the city of Louisville prohibiting the whistling of locomotives within the city limits except in cases of danger, may not be proved by the testimony of a locomotive engineer that the reason he did not sound his whistle in the city limits except in cases of danger was because it was prohibited by city ordinance.

4. Damages—Excessive Damages.—Where plaintiff suffered a fracture of the bone of the right thigh resulting in a permanent shortening of his right leg; his right elbow was torn, left ankle cut, head cut, ear skinned, and he received other bruises and contusions; was confined to the hospital more than five weeks and his medical bills amounted to $498.75, the court will not hold excessive a verdict for $5,498.75.

5. Appeal—Review—Questions of Fact, Verdict and Findings—Sufficiency of Evidence in Support.—If the verdict be contrary to or unsupported by the evidence, it will not be permitted to stand; but where the evidence is conflicting and there is evidence to support the verdict, it will not be disturbed on appeal unless the verdict is manifestly against the weight of the evidence and clearly wrong.

6. Appeal—Review—Harmless Error—Instructions to Jury.—Instructions examined in an action against a railroad company for injuries to one riding in an automobile which was struck by a train while crossing the railroad tracks, and held not prejudicial.

BENJAMIN D. WARFIELD and WILLIS & TODD for appellant.

L. W. ROSS and EDWARDS, OGDEN & PEAK for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

A. C. Buckner, sheriff of Spencer County; Clifton M. Nethery, deputy sheriff; R. F. French, Dr. J. T. Tichenor and Charles Cotton, all of Taylorsville, on the 12th

day of November, 1912, traveled from Taylorsville to Louisville in an automobile which was the property of Tichenor and Cotton. Cotton was jailer of Spencer County; and he and Dr. Tichenor owned a livery business in connection with which the automobile was operated for hire. The sheriff had hired Cotton to take him and his deputy in the automobile to Louisville, where they were going to take a prisoner from the Jefferson County jail to the penitentiary. Cotton was driving the machine. French had been invited by Buckner to go along with them to Louisville.

They entered Louisville about 6 p. m. on Broadway; and at the place where that street is crossed by the tracks of the Louisville & Nashville Railroad Company, the automobile was struck by an L. & N. train, and its occupants injured.

All of them sued the railroad company in Spencer County for damages. Nethery's case was tried and resulted in a verdict and judgment in his favor in the sum of $5,498.75; and the railroad company appeals.

1. It first contends that its application for a change of venue should have been granted.

It was alleged in the petition for a change of venue that each of the occupants of the automobile had filed a suit against the railroad company for personal injuries received in the accident mentioned, and that in addition, the firm of Cotton & Tichenor had sued for damages to its automobile; that Buckner was sheriff of the county, Nethery was his chief deputy, Cotton was jailer, and French and Tichenor men of prominence, and that each and all of them were men of great popularity, extended acquaintance and large family connection throughout Spencer County, and that because of the "large, extensive and overwhelming acquaintance, relatives and connections, and the great power, popularity and undue influence of the above named plaintiffs, defendant can not have a fair trial in Spencer County." This petition was supported by the affidavits of two credible housekeepers of the county, who were employes of the company; the affidavits stating in substance the same grounds as the petition.

Upon the hearing of the application, defendant company introduced only one witness, and he testified concerning the large acquaintance and the family connections of the parties mentioned, but on cross-examination gave it as his opinion that the defendant could have

a fair trial in Spencer County. Plaintiff introduced six witnesses who each testified that notwithstanding the acquaintance and family connections of the plaintiff and other occupants of the automobile on the occasion mentioned, the defendant company could get a fair trial in that county.

Section 1094, Kentucky Statutes, provides that a party to a civil proceeding triable by jury in a circuit court, may have a change of venue when it appears that owing to the undue influence of his adversary in the county, he cannot have a fair trial therein. But the court has never held that undue influence is constituted by a party's having numerous relatives and an extensive acquaintance in the county; nor has it ever been held that the personal popularity of a party operates to deny him a trial in the county of his residence. Matthews v. Bank of Taylorsville, 136 Ky., 634.

The examination of the jurors upon *voir dire* is preserved in the bill of exceptions. It appears therefrom that no difficulty was experienced in obtaining a panel, only two being excused because of distant relationship to plaintiff. They were all carefully questioned, and were properly qualified to try the issues.

The rule is that the question of granting an application for a change of venue is addressed to the sound discretion of the court; and refusal of an application for a change of venue will not be disturbed on appeal unless it appears that there has been an abuse of discretion. Warden v. Madisonville, H. & E. R. Co., 125 Ky., 644, 101 S. W., 914, 31 R., 234. And we are of the opinion that the trial court did not abuse its discretion in denying the application for a change of venue herein.

2. Upon the trial, plaintiff proved the failure of the engineer of the train which struck the automobile, to sound his whistle as a signal of the train's approach to the crossing where the accident occurred; and defendant company undertook to avoid this proof, by showing that by an ordinance of the city of Louisville, the blowing of locomotive whistles in the city limits was forbidden except in cases of danger. The engineer was asked whether he blew the locomotive whistle in the city limits, and he replied that he did so only in case of danger. When asked why he blew it only in cases of danger, he replied that it was prohibited by city ordinance. This answer was objected to by plaintiff and excluded by the court.

Appellant company complains that the court erred in refusing to permit it to prove that it was forbidden by an ordinance of the city of Louisville to sound its locomotive whistles except in cases of danger. We do not understand from the record that the court so ruled. There was no attempt made to prove the ordinance in proper manner. Appellant's counsel attempt to excuse the failure to offer the ordinance in evidence in the proper manner by claiming that the ruling of the court excluding the answer of the engineer was "tantamount to the court's telling the jury that the ordinance afforded no protection" against failure to sound the locomotive whistle. This claim is untenable. Appellant will not be heard to complain of a refusal of the trial court to permit it to prove the ordinance mentioned, when the record shows that it was not offered to be proven according to the rules of evidence. In the case of Penna. Co. v. Hensil, 70 Ind., 569, 36 Am. Rep., 188, cited by appellant in this connection, the ordinance in question was offered in the manner governing the admission of evidence of this character.

3. It is also claimed by appellant that the damages awarded are excessive.

Nethery was in the hospital more than five weeks; his right thigh was broken, and as a result thereof, his right leg is now an inch and a half shorter than before the injury, which condition is permanent; his right elbow was torn, his left ankle cut, head cut, ear skinned, and he received other bruises on other parts of the body. His hospital and medical bills amounted to $498.75. We will not say under this proof that the verdict was excessive.

4. It was shown in evidence for the plaintiff that as the automobile approached the L. & N. tracks crossing Broadway, it was proceeding in a westerly direction; that there were gates both on the east and on the west side of the railroad tracks, Broadway running east and west, and the railroad tracks north and south; that the gates on the east side of the tracks were not down when the automobile came to the crossing; that the west gates were down, and the automobile came to a stop at the west gate, the rear end standing on the west track; that a train was approaching from the north, and when it was discovered, the driver, Cotton, tried to start the machine but failed to move it, and the occupants all started to get out; that the train struck the automobile before plaintiff could get clear of it, and injured him.

All the occupants of the automobile testified that the east gates were not down when they went on to the tracks, and that they struck nothing at the east gates; and it was shown in evidence that the automobile was not damaged in any way at the east gate, nor were the gates themselves damaged in any way.

For defendant company, eight eye-witnesses of the accident, none of whom have any connection with the company, testified that the east gates were down when the automobile approached the crossing, and that the automobile "ran through" the gates, several of the witnesses saying that the automobile "sprung" the gates and went right on through them.

It was also shown in evidence for defendant company by one witness that the swinging of the east gates, after the automobile had passed through, caused oil from a lantern attached to the gates to be splashed upon his clothing; by another witness that the swinging of the gates caused the lantern to go out; and by four others that the lantern that was on the east gates had a green globe, and it was knocked off of the gates and they saw the broken globe lying in the street after the automobile passed.

It was also shown in evidence that when the gates were lowered down and at rest, the lower portion of the gates is forty-five inches from the surface of the street, the upper portion of the gate being forty-eight inches from the street; that it is forty-three inches from the surface of the street to the top of the engine of the automobile and forty-nine inches to the top of the radiator; sixty-three inches to the brake of the wind-shield and seventy-five inches to the top of the wind-shield. The two gates are lowered, one from each side of the street, and they practically come together in the middle of the street. The storm top of the automobile was up. The green lantern on the east gates was tied to the gates with a string.

Upon this state of proof, the appellant company contends that the judgment appealed from should be reversed because the evidence is insufficient to support it.

If the verdict were contrary to or unsupported by any evidence, it would not be permitted to stand; but where the evidence is conflicting, and there is evidence to support the verdict, it will not be disturbed on appeal, unless the verdict is manifestly against the weight of

the evidence and clearly wrong. L. & N. v. Eaden, 122 Ky., 818.

There is evidence to support the verdict, although it is sharply contradicted by that of defendant's witnesses. It was for the jury to weigh and consider and, if possible, reconcile the testimony.

It is not at all improbable that the jury found in the testimony of Miss Weinberg a suggestion for the reconciliation of all the testimony. Miss Weinberg testified that she was standing at the west gates of the L. & N. crossing on Broadway about 6:20 p. m., on the evening of November 12, 1912, and saw the accident in which plaintiff was injured; that the east gates were down, but several feet higher than the west gates, and sufficiently high to admit an automobile passing under them; and she said that at that crossing the west gates were usually lowered first. There is also the improbability of the physical fact of the automobile having passed directly through the east gates when lowered to a point 45 inches from the street, without injury to the gates or the automobile itself, while running at a speed of eleven feet a second.

It is quite likely that the jury has believed that a fair reconciliation of all the testimony was that as the automobile approached the crossing, the west gates were down and the east gates were being lowered; that the storm top of the automobile struck the lantern which was suspended from the gate by a string, with sufficient force to cause the gate to swing back and forth; that this movement caused the string to break and allow the lantern to fall to the street when the globe was broken.

At least, there was testimony to support the verdict, and the court will not disturb the jury's finding for want of evidence to support it.

5. Complaint is made of the instructions. They were not as aptly worded as they might have been, but in substance they informed the jury that if defendant company failed to lower the crossing gates in time to give reasonable notice to the driver of the automobile of the approach of the train to the crossing, or failed to give such other notice or signal as was reasonably calculated to warn persons of the approach of the train to the crossing, or, if those in charge of the train saw or by the exercise of ordinary care could have seen the peril of those in the automobile in time to have avoided strik-

ing it and injuring plaintiff, they should find for plaintiff.

Under the evidence, the issues were substantially submitted by the instructions.

We find no errors prejudicial to the substantial rights of appellant. The judgment is, therefore, affirmed. Whole court sitting, except Chief Justice Hobson.