## Pierce v. Crisp.

(Decided Feb. 26, 1937)

LOVEL H. LILES and WAUGH & HOWERTON for appellant.
J. D. ATKINSON and JOHN F. COLDIRON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is the second appeal of this case. Our opinion in the first one will be found in 260 Ky. 519, 86 S. W. (2d) 293, wherein the facts, as developed upon the trial and out of which the litigation grew, are stated. The grievance for which recovery was sought by the petition of appellant (to whom we shall hereafter refer as plaintiff) was of a dual nature, i. e., for alienation of the affections of his wife by appellee and defendant below, and for criminal conversation. The first wrong for which recovery was sought (alienation of affections) was later abandoned and the action proceeded as solely based upon the other ground relied on for recovery, i. e., criminal conversation. The action was filed on January 18, 1934, and the first trial was had on March 23d thereafter, at which there was a verdict for defendant. Plaintiff appealed and the judgment dismissing his petition was reversed.

On November 22, 1935, the mandate that issued from this court was filed in the trial court and on that day the case was set for trial by agreement of parties for December 5, 1935, but before that day was reached, and four days after the case had been set for trial by agreement, plaintiff filed his motion for a change of venue pursuant to the provisions of section 1094 et seq. of Baldwin's 1936 Revision of Carroll's Kentucky Statutes. The facts averred in support thereof were—the personal popularity and influence of defend-

ant in Greenup county because of his social standing and past official record (he having been sheriff and deputy sheriff of the county), plus the limited acquaintance, and absence of influence of plaintiff, and also, what counsel describes as the "odium" of his cause—thereby rendering it impossible for plaintiff to obtain a fair trial before a jury composed of citizens of the county. The grounds were sustained by the affidavits of twelve citizens of the county substantially supporting the petition for a change of venue. It, and the affidavits filed in support of it, were met by defendant's response denying the alleged grounds, and he also filed affidavits of twelve citizens of the county contradicting those filed by plaintiff. Upon the hearing of the motion the court overruled it, and at the trial, under instructions of the court of which no complaint is made, the jury returned a verdict in favor of plaintiff for $100. Being dissatisfied with the amount of it, he filed his motion for a new trial which the court overruled and he has prosecuted this appeal. In his motion for a new trial, plaintiff relied on several grounds, but he has abandoned all of them in this court, except the alleged error of the court overruling his motion for a change of venue; and, as a consequence, we will devote this entire opinion to a consideration of that sole ground.

The phrase "change of venue," as invoked in this case, means the transferring of a cause from a court in which it was brought or is pending to another co-ordinate one for reasons that prevent one or both of the parties from having a fair trial of the case. It was not a right under the common law, but is of constitutional or statutory origin, and sometimes founded upon a rule of court, or the court in which the action is pending and in which the motion for a change is made. See 67 C. J. 132 et seq., and sec. 219 et seq. Also, 40 Cyc. page 116 et seq. Our statutory provisions relating to the subject are set out in the sections supra; but in none of them is any particular time fixed within which the motion may be made and beyond which it may not be done. Some jurisdictions, however, possess statutory enactments with reference thereto and, as said, some courts have rules regulating the subject. However, in situations as exist in this jurisdiction, i. e., statutory regulations as to the method of applying for the change of venue, etc., but without fixing the time within which the application may be made, the

universal rule seems to be that the application should be made with reasonable dispatch and, if not done, the right to invoke it will be waived.

The text in 40 Cyc. 124, on the question of waiver, says: "The right to a change of venue is one which may be waived, and this may be done impliedly as well as expressly." One of the implied methods by which it may be done as stated in the same text is "by delay in making such application." Those excerpts are supported by decisions from many of the states of the Union and the same practice is repeated by all text-writers upon the subject. Thus the text in 67 C. J. 171, sec. 279, in stating the correct rule in the absence of specific constitutional, statutory, or court rule regulation, says: "Independently of such regulations, the right to a change of venue, like every other right must be asserted within a convenient and reasonable time, depending on the attendant circumstances. It is frequently held that the application should be made at the earliest opportunity, without delay, and that the application must be prosecuted with diligence." Many decisions from state Supreme Courts are cited in notes 74, 75, 76, and 77 to that text, which undoubtedly states the true and correct rule in such conditions.

The general rule with reference to implied waiver of the right to move for a change of venue, in the absence of some express regulation, was approved by this court in the case of Paducah Gulf Railway Co. v. Adams, 8 Ky. Op. 100, decided on September 30, 1874, in an opinion written by Judge Pryor, in which that learned judge said: "The right to a change of venue had been waived by reason of the continuance of the cause at a former term;" etc. Of course, the waiver will not become effective so as to deprive the applicant of the right to make the application, except where the facts upon which the motion is based were in possession of the movant, since it is correctly declared that a litigant may make the application, if diligence is employed, after discovering the facts constituting the grounds therefor, and which, of course, would embrace situations where the grounds arose or came into existence following the time when the motion would otherwise be required to be made. Supporting the reason for invoking and applying the rule of waiver in such cases is the opinion of this court in the case of Vinsen v. Lockard, et al., 7 Bush, 458, and we have been un-

able to find any opinion rendered by this court in conflict with the text quotations supra. The correct rule as therein declared is in furtherance of the universal practice requiring litigants to prosecute their actions and invoke their remedies for the assertion of their rights with due diligence and dispatch, and to take the steps open to them at the timely moment; otherwise they will be considered as waived. A contrary holding would produce great confusion and result in increased costs and great delay—not only to courts in the transaction of their business—but to the litigants with causes pending in them.

Here plaintiff brought his action in the Greenup circuit court. He prosecuted it to trial without ever intimating any reason why he could not obtain a fair trial in that court, although he knew, according to the record, the conditions existing at that time as completely as he did thereafter. After the case was reversed and the mandate was filed by him in the trial court, he agreed upon a day for the trial of the case which was made a matter of record. If the text supra is to be applied in any case, it would appear that this is one in which it should be done. However, as we have hereinbefore said, if the ground for the change of venue had occurred after the acts and conduct constituting the waiver had been taken, a different condition would be presented. But in the absence of such recently occurring grounds, we unhesitatingly conclude that plaintiff herein, by his great delay in making the motion, waived his right to the relief sought thereby.

Independently of such reason, the law is well settled in this and all other jurisdictions that the trial court who hears and determines the motion for a change of venue is vested with a sound discretion in determining what should be done with it, and that discretion will not be disturbed on appeal, unless the facts are such as to clearly indicate an abuse of it. See Dyer v. Staggs, 217 Ky. 683, 290, S. W. 494; Vaughn v. Commonwealth, 204 Ky. 229, 263 S. W. 752; Griffin v. Commonwealth, 204 Ky. 783, 265 S. W. 327; Hall v. Commonwealth, 207 Ky. 718, 270 S. W. 5; McDaniel v. Commonwealth, 246 Ky. 688, 56 S. W. (2d) 340. Other civil cases than the cited Dyer one to the same effect are, Warden v. Madisonville, H. & E. R. Co., 125 Ky. 644, 101 S. W. 914, 31 Ky. Law Rep. 234, Louisville & N. R. Co. v. Nethery, 160 Ky. 369, 169

S. W. 883, and Brashears v. Combs, 174 Ky. 344, 192 S. W. 482. In those opinions many other domestic ones are cited to the same effect and they incontrovertibly establish the correct rule to be that a ruling by the trial court on a motion for a change of venue will not be disturbed by this one on appeal, unless the sound discretion vested in the trial court in such matters clearly appears to have been abused. It is however, insisted by learned counsel for plaintiff that it so appears in this case, but we are unable to concur in that interpretation of the situation. The evidence heard upon the trial of the motion, as introduced by the respective parties, appears prima facie to be of equal weight, and upon the issue as to the extent of damages sustained by plaintiff (which is the only one involved on this appeal) it does not appear that the verdict unduly reduced the amount in the light of the facts developed by the record, and which are set out in detail in our former opinion, to which the reader is referred for a knowledge of them.

Wherefore, for the reasons stated, the judgment is affirmed.