## Leming's Administrator v. Leachman.

### Same v. Blakeman.

(Decided May 25, 1937.)

WOODWARD, DAWSON & HOBSON, SHELBY M. HOWARD and NOGGLE & GRAHAM for appellant.

MILBY & HENDERSON for appellees.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

William F. Leming, a salesman for the Belknap Hardware & Manufacturing Company, of Louisville, Ky., was killed on the 3d day of August, 1933, on the public highway between Greensburg, Green county, and Buffalo, Larue county, by the automobile, that he was driving, colliding with a truck owned by T. Z. Leachman, which was operated by his employee, Henry Blakeman. H. J. Colyer was duly appointed administrator of Leming's estate. He instituted an action in the Green circuit court against T. Z. Leachman, charging that the negligence of Henry Blakeman, who was operating the truck for Leachman, caused the death of the deceased, and seeking damages in the sum of $25,000. Later, he brought another action against Henry Blakeman, the operator of the truck, for damages, in the same sum. By agreement, the two actions were tried together, resulting in a judgment in favor of both Leachman and Blakeman. From that judgment, the administrator, Colyer, appeals. These actions were tried in the Green circuit court by special judge, the Honorable O. B. Bertram, on the 27th day of November, 1935.

Appellant insists that the court committed the following errors in the trial: First, in overruling appellant's motion for a change of venue; second, for failure to instruct the jury as to the speed of appellant's truck, and that the truck be operated under reasonable control; third, admitting evidence pertaining to specific instances of decedent's drinking liquor or being intoxicated. We will discuss the alleged errors in their order.

In the recent case of Pierce v. Crisp, 267 Ky. 420, 102 S. W. (2d) 386, 388, the court said:

"The law is well settled in this and all other jurisdictions that the trial court who hears and determines the motion for a change of venue is vested with a sound discretion in determining what should be done with it, and that discretion will not be disturbed on appeal, unless the facts are such as to clearly indicate an abuse of it. See Dyer v. Staggs, 217 Ky. 683, 290 S. W. 494; Vaughn v. Commonwealth, 204 Ky. 229, 263 S. W. 752; Griffin v. Commonwealth, 204 Ky. 783, 265 S. W. 327;

Hall v. Commonwealth, 207 Ky. 718, 270 S. W. 5; McDaniel v. Commonwealth, 246 Ky. 688, 56 S. W. (2d) 340. Other civil cases than the cited Dyer one to the same effect are, Warden v. Madisonville, H. & E. R. Co., 125 Ky. 644, 101 S. W. 914, 31 Ky. Law Rep. 234, Louisville & Nashville R. Co. v. Nethery, 160 Ky. 369, 169 S. W. 883, and Brashears v. Combs, 174 Ky. 344, 192 S. W. 482. In those opinions many other domestic ones are cited to the same effect and they incontrovertibly establish the correct rule to be that a ruling by the trial court on a motion for a change of venue will not be disturbed by this one on appeal, unless the sound discretion vested in the trial court in such matters clearly appears to have been abused.''

On the trial of the motion for a change of venue it appears from the record that the trial court heard all the evidence offered by each party, was well acquainted with the witnesses, and believed that the witnesses for appllee were not of such prominence and such dominating influence in the community that would bias or prejudice a jury that might be selected and accepted to try the case. The fact that some of the witnesses who testified held county offices or were candidates for same or were men of good standing and fair influence in the community is not enough to authorize a change of venue. If so, seldom could a trial be had in a county where witnesses or litigants were men of standing and influence. The fact that appellee was a merchant of high standing, doing business in Greensburg, the county seat of Green county, is not enough. The record fails to show that any of the witnesses took any special interest in the trial of the case or manifested any hostility against appellant's cause. They only testified as to what they knew after being duly summoned. We are unable to see in examining the record where the sound discretion vested in the trial court was abused in overruling the motion.

Appellant objects to the instructions given by the court. That we may properly pass upon the criticism offered, which only applies to instruction No. 1 (no other instruction given by the court being objected to), we copy it in this opinion:

"The court instructs the jury that it was the duty of Henry Blakeman, the driver of T. Z. Leach-

man's truck, at the time and place referred to in the evidence to keep a lookout ahead for other vehicles upon the highway; to operate said truck upon his right hand side of the highway whenever possible and not to pass to the left hand side of the highway unless the left hand side of the highway presented a clear and unobstructed view for a distance of 150 feet ahead; and to exercise ordinary care to so run and operate such truck as not to bring it in collision with the automobile of the decedent, William F. Leming, and if you believe from the evidence in this case that said Blakeman failed to perform one or more of said duties and that by reason thereof he caused and brought about the collision between his truck and decedent's automobile, and by reason thereof said Leming was killed, then the law of this case is for the plaintiff and you will so find, but unless you so believe, the law of this case is for the defendant and you will so find.''

Counsel insists that it was error for the court to fail to instruct the jury as to the speed of appellee's truck and the operator's duty to keep it under reasonable control. It must not be overlooked that the only question presented by the evidence to the jury for solution was whether or not the truck was on the right-hand side of the highway at the time of the collision. All the evidence presented by the parties was directed solely to that question. The speed of the truck or whether it was operated under reasonable control had nothing to do with the cause of injury. The injury to appellant's deceased, if caused by the negligence of appellee's agent, Blakeman, was wholly on account of the truck being negligently operated by him on the left-hand side of the highway and in the track of the deceased, who was traveling on the road in the opposite direction toward the truck at the time of the impact. The heavy load of the truck or its speed or the manner in which it was being operated at the time was not the proximate cause of the injury. If, in fact, the truck was on the left-hand side of the highway when the collision took place, the operator would be negligent on that account. Had the court embodied in the instruction that the truck should be operated at a reasonable rate of speed and under reasonable control, would

not have been any advantage to appellant because, as said, the negligence, if any, consisted solely in the truck being at the time of the collision on the wrong side of the highway. We think that the instruction given by the court properly and accurately presents to the jury the question of negligence shown in the evidence, and the duty of appellee in operating the truck, in a very clear and proper manner. The failure to insert in the instruction the words complained of was not error. It is never proper to instruct a jury on any question which is not in issue before them based upon the pleadings and evidence. Edge v. Ott, 151 Ky. 672, 152 S. W. 764; Huber et al. v. Noe's Adm'x, 252 Ky. 779, 68 S. W. (2d) 406.

Counsel raises the further question that the trial court committed an error in permitting evidence of witnesses pertaining to specific instances of decedent's habits of intoxication. On examination of the record, we find no witness was permitted during the trial to make such statements. In a few instances, questions were asked concerning the habits of Leming prior to the accident, pertaining to his drinking too much. In every instance the court on objection made by counsel refused to permit the witnesses to make such statements. We find no merit in counsel's contention in that respect. However, he contends that the purpose of counsel for appellee in asking those questions was error and was calculated to stir up the prejudice of the jury against the appellant's deceased. While that practice is not to be commended, yet it could not in any way tend to prejudice the jury, especially when the court refuses to permit answers to the questions to be considered.

Counsel relies upon the case of Equitable Life Assurance Society v. Witten, 256 Ky. 766, 77 S. W. (2d) 53, as sustaining his position, but upon examination of that case, we find that the question there involved the closing argument of counsel which was objected to at that time. In the closing argument, counsel made statements and arguments that could not be deduced from the evidence; in fact, testified for himself. The court ruled that such argument was not proper and condemned it, citing a number of authorities sustaining that rule. That case has no application to the facts in this case. We do not find anywhere in the record

786

where the court permitted any witness to testify as to the habits of the deceased. The court even refused to permit a witness to state that a broken jar was found in his car that carried with it the odor of whisky, and also some intoxicant was found in a bottle in his valise. In our judgment, that testimony would have been competent, but the court did not permit it to go before the jury. Certainly, appellant was not prejudiced by that ruling.

We have carefully read the evidence offered by appellant and appellee and have come to the conclusion that appellant had no legal reason to object to the judgments rendered.

This is the third time the case has been tried. There was a hung jury at one time, but two verdicts in favor of the defendant have been given. If any error exists in the case, such error is not sufficient to affect the substantial rights of appellant.

Judgment affirmed.