**REDKEN LABORATORIES, INC., Appellant,**

v.

**Louise M. WILSON, Appellee.**

Court of Appeals of Kentucky.

April 29, 1977.

Discretionary Review Granted Sept. 13, 1977.

E. André Busald, Busald, Funk & Zevely, P.S.C., Florence, for appellant.

William E. Johnson, Johnson, Judy & Gaines, Frankfort, for appellee.

Before HAYES, HOWERTON and REYNOLDS, JJ.

HAYES, Judge.

This is an appeal of a judgment entered in Gallatin Circuit Court awarding appellee, Louise Wilson, $30,245.00 in damages for the negligent treatment of her hair.

On November 7, 1973, appellee went to a beauty shop in Warsaw, Kentucky, operated by Della Johnson. She wanted to have her hair frosted. Frosting requires an application of peroxide and bleach which lightens the hair. As a result of leaks in the protective cap used in this process, appellee's hair became spotted with areas of orange. Realizing that something was wrong, Della Johnson called her former employer, Marvin Stewart, for assistance. When Marvin arrived, he and Della decided to place a tint on appellee's hair to restore the color. This process also involved placing peroxide on the hair. The tinting process, however, caused appellee's hair to be darker than before. Since this problem had arisen, Marvin and Della felt that it would be best to call the manufacturer, Redken Laboratories, for assistance.

Upon request by its distributor, appellant Redken Laboratories, set up an appointment with Della Johnson for December 10, 1973. During the time between November 7th and December 10th, Della Johnson placed four protein treatments upon appellee's hair. This process dries out the hair according to appellant's expert. The person sent by appellant to Della Johnson's shop was Nancy Scobee. Nancy Scobee understood that she was to perform a color show at Della's. When she arrived on December 10, 1973, she was surprised to find that she was requested to correct certain problems; among those was appellee's hair. Thereafter, Nancy Scobee proceeded to again frost appellee's hair. She placed a solution upon the hair which remained there for some forty-five minutes. This solution contained peroxide.

According to Della Johnson, after this treatment was finished, appellee's hair began to break. This testimony was refuted by Nancy Scobee, who stated that the hair was normal. Nevertheless, during the three days following this treatment appellee experienced extensive breaking. Appellee's doctor stated that this breaking possibly was the result of a chemical process. Eventually the breaking affected most of appellee's hair and she was left with hair which was one-quarter to one-half inch long. Since her hair was so short appellee began wearing wigs constantly.

This condition was only temporary and eventually appellee's hair grew back. Appellee filed suit originally against Della Johnson and Redken Laboratories. Prior to trial, however, appellee dismissed her claim against Della Johnson and proceeded against appellant only. After hearing the evidence, the jury returned a verdict awarding appellee $245.00 in special damages and $30,000.00 for mental anguish.

█ Appellant contends that the negligence of Nancy Scobee cannot be imputed to appellant since the facts do not disclose an employer-employee relationship. As authority appellant cites the case of *Sam*

*Horne Motor and Implement Company v. Gregg*, Ky., 279 S.W.2d 755 (1955). That case set forth the nine most important factors to be considered in determining if one is an employee or an independent contractor. In light of these factors, appellant argues that the relationship between Scobee and Redken Laboratories was that of an independent contractor. There are, however, certain factors among the nine listed which are controlling, *Turner Construction Company v. Garrett*, Ky., 310 S.W.2d 786 (1958). This court is of the opinion that these controlling factors listed in that case are present here. As a part of the evidence below, appellant introduced the Membership Agreement between Scobee and the appellant. This agreement reveals that Scobee was required to go and perform her services wherever and whenever Redken Laboratories desired. In addition, Scobee was subject to termination at any time. This court, therefore, affirms the holding of the lower court denying appellant's motion for a directed verdict based on this issue.

If Scobee is an employee, appellant then argues that she acted outside the scope of her employment when she worked on appellee's hair. Again appellant points to the agreement and states that it does not authorize her to perform this type of activity. Section 4(c) of the Membership Agreement sets out the following: "Member shall be available in person or by phone to accurately answer questions from and generally advise jobbers, cosmetologists and/or barbers and others on Redken's products and procedures, . . . ." Della Johnson and Marvin Stewart made a request for such advice. Nancy Scobee was required to go to Warsaw to assist them with their problem, although she was unaware of the true nature of her visit. As a logical extension of advising customers, Nancy Scobee undertook the procedure herself. Clearly, this activity was within the scope of her employment.

Appellant's next argument is that there was insufficient evidence to sustain a finding that the activities of December 10, 1973, were the cause of appellee's problem. Appellant contends that appellee's doctor was unable to state that the treatment on December 10th was related to appellee's problem and absent such testimony there is no evidence of causation. This court is of the opinion that there was sufficient evidence of causation. Della Johnson testified that the frosting substance was applied to appellee's hair for a very lengthy time. Appellant's expert had testified as to the effect of chemicals on the hair and Nancy Scobee stated that the hair was not in good shape prior to her actions. With this evidence in mind, it is apparent that the judge was correct in denying appellant's motion for a directed verdict based on causation.

■ Appellant's final contention concerns the excessiveness of the verdict. The Court of Appeals has set forth the test for excessive damages in *L & N Railroad v. Mattingly*, Ky., 339 S.W.2d 155 (1960) and other excessive damages cases. In framing the issue presented, this court paraphrases the test stated in *Mattingly*—whether a verdict of $30,000.00 for mental anguish strikes the mind *at first blush* as having been given under the influence of passion or prejudice. (Emphasis added). This verdict does so strike this court. There was no evidence of lost wages, pain or diminished earning capacity. There was little permanent damage, according to appellee's doctor, and all of the evidence indicates that through proper care appellee's hair will once again be normal.

Appellant has requested a change of venue upon return of this case to the lower court. This is not the proper court for such a request, KRS 452.010. In addition, it appears that such a request has not been timely made, *Miller v. Watts*, Ky., 436 S.W.2d 515 (1969) and *Pierce v. Crisp*, 267 Ky. 420, 102 S.W.2d 386 (1937). This decision does not preclude appellant from making the necessary motion upon remand.

This case is reversed in part and remanded for a new trial on the issue of damages only.

All concur.