Lucas
vs
Chamberlain,
&c.

---

ASSUMPSIT.

# Lucas *vs* Chamberlain, &c.

*Case* 67.

APPEAL FROM THE RUSSELL CIRCUIT.

*Assumpsit. Statute of Frauds. Principal and surety.*

January 26.

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

Case stated.

CHAMBERLAIN and Lair brought this action of assumpsit against Lucas, upon an alledged promise to indemnify them for becoming, at the request of Lucas, the sureties, with others, of J. & J. Stephens, in an injunction bond, to enjoin further proceedings on a judgment which had been replevied with the defendant, Lucas, as the only surety.

A promise to A. to pay to B. who is absent, is in legal effect a promise to B. and may be so stated in pleadings; so of a promise to indemnify A. and B. (who is absent,) if they will do a certain act, is a promise to both A. and B.

Upon the issue of *non-assumpsit*, the evidence conduced to prove that J. & J. Stephens, the original debtors, were insolvent, but that one of them had mortgaged some property to Lucas to indemnify him for becoming surety in the replevy bond on the judgment against them, that the execution on said bond had been levied on the property of Lucas, when it was stayed by the injunction in which the plaintiffs were sureties; that Lucas told Chamberlain that if he and Lair would become sureties in the injunction bond, (whereby his property would be saved from sale,) he would indemnify them, and that they did become sureties. The injunction was afterwards dissolved and the bill dismissed with damages and costs. A judgment was obtained on the injunction bond. The execution thereon was levied, as may be inferred, on the property of the present plaintiffs, who, with sureties furnished by themselves, replevied the debt. In this state of the case the present action was brought. But it appeared upon the trial that

an execution had issued on the last mentioned replevy bond, which was levied, as may be inferred, on property of the plaintiffs, which, according to the return, was not sold for want of bidders. The first count in the declaration setting out the case at large, states that the plaintiffs had been compelled to replevy the judgment on the injunction bond with their own sureties. The second count states that they had been compelled to pay it.

The Court instructed the jury that there must have been a joint request and promise to both of the plaintiffs to authorize a recovery, and refused to instruct that although there were such request and promise, they could only find nominal damages, unless the plaintiffs had actually paid the judgment on the injunction bond. And a verdict having been found for the plaintiffs for the whole amount of their liability and a new trial having been refused, the defendant prosecutes a writ of error for the reversal of the judgment thereon.

We think there is no error in the record. Although there is no direct evidence of an immediate request and promise of indemnity to both of the plaintiffs in person, the evidence authorizes the inference of a joint request and promise, which is the more certain because Lair was not actually present when the promise was made to Chamberlain to indemnify both, if they would become sureties. A parol promise to A. to pay to B. who is absent, is in legal effect a promise to B. and may be so stated in pleading. So a promise to A. to indemnify him and B. (who is absent,) if they will do a certain act, is in legal effect a promise to both. It is not necessary to recapitulate the circumstances which show that there was a sufficient consideration on the part of Lucas, besides the obligation incurred by the plaintiffs at his request and in consequence of his promise, the incurring of which is itself a sufficient consideration for the promise.

But the execution of the injunction bond was a direct benefit to Lucas, whose property was thereby to be relieved from the levy which had been made on it. And as between him and the plaintiffs the debt enjoined was

---

*Margin notes:*

Lucas
vs
Chamberlain,
&c.

The incurring a responsibility at the request of another is itself a sufficient consideration to support a promise of indemnity. So is it if it be also a direct benefit to the promisor.

—The promise of indemnity to one if he will become the surety of a third person, is an original pro-

Lucas
vs
Chamberlain,
&c.

mise not within
the statute of
frauds.

A surety who re-
plevies the debt
of his principal
by a valid reple-
vy bond thereby
extinguishes the
debt, and may
proceed against
his principal and
co-sureties; (3
B. Monroe, 10,)
So by passing a
bill of exchange
which has been
negotiated.

his debt. His promise to indemnify the plaintiffs for en-
tering into the injunction bond, is in no sense to be re-
garded as a promise to pay the debt of another, within
the statute of frauds. And even if he had been an en-
tire stranger to the debt, his promise to indemnify the
plaintiffs for becoming sureties to third persons, was an
original promise not within the statute, and therefore,
enforcible, though not evidenced by writing, as was ex-
pressly decided in the case of *Dunn* vs *West*, (5 *B.
Monroe*, 381.)

The question made upon the refusal of the Court to
give the instruction that nominal damages alone could
be recovered unless the plaintiffs had actually paid, &c.
and upon the objection that the damages were excessive,
which was urged as a ground for a new trial, is in effect
decided by the case of *Burns and McConnough* vs *Par-
ish*, (3 *B. Monroe*, 10.) It was decided in that case,
that as a surety who replevies the debt by a valid reple-
vy bond, thereby extinguishes the judgment, he may
proceed against the principal or other sureties, as if he
had made actual payment in money. The same princi-
ple has been recognized in other cases. The payment
by passing a negotiable security, (as a bill of exchange,)
which has been negotiated, has been held equivalent to
payment in money, and sufficient to sustain the action
for money paid and advanced. There can be no pre-
sumption that the replevy bond in this case cannot or
will not be coerced unless voluntarily paid, and especi-
ally when a levy has been actually made. And as the
debt for which the plaintiffs became bound at the request
of the defendant and on his promise of indemnity, has
in fact, fallen upon and been extinguished by them, we
are clearly of opinion that the whole amount of their
liability is the proper criterion of the damages sustained
by the breach of the promise of indemnity. Nothing
less will, in fact, indemnify them.

Wherefore, the judgment is affirmed.

*Harlan & Craddock* for appellant; *B. & A. Monroe
and B. Y. Owsley* for appellee.