## Robertson v. Wilhoite, et al.

(Decided January 22, 1914.)

### Appeal from Henry Circuit Court.

1. Partnership—Proof—Sufficiency.—Where certain defendants are sued as a partnership, proof that each of them stated that a partnership existed between them, and that one of them made the statement in the presence of all the others, is sufficient proof of partnership to take the case to the jury.

2. Contracts—Agreement to Answer for Debt of Another—Statute Frauds.—Where it is customary, when the sale of tobacco is made in a warehouse, for an inspector to select samples, and for the tobacco to be sold with the guarantee that the samples fairly represent the grade, quality and condition of the tobacco sold, and for reclamation to be allowed where the tobacco proves inferior to the samples, an agreement by the owners of tobacco that if another will make the guarantee and pay such reclamations as may be allowed, they will repay him the sum so paid, is not within the statute of frauds.

3. Contracts—Guarantee of Tobacco by Solicitor— Payment of Reclamations—Reimbursement by Owners—Defenses.—Where it is customary at a warehouse to sell tobacco by samples and to guarantee that the samples fairly represent the grade, quality and condition of the tobacco sold, and to allow reclamations if the tobacco sold proves inferior to the samples, and certain owners of tobacco agree with a solicitor that if he will make the guarantee and pay such reclamations as may be allowed they will repay him, and the parties contract solely with reference to the customary inspection and reclamation methods in use, the owners, in an action by the solicitor to recover the sum paid by him, will not be heard to complain that the inspector was not appointed in the manner required by the statute, or that the method of allowing reclamations was unreasonable, if, as a mat-

ter of fact, the inspector was appointed and the inspection made and the reclamations allowed in the customary way.

4.  Contracts—Guarantee of Tobacco by Solicitor—Payment of Reclamations—Notice by Owners Not to Pay—Effect Of.—Where it is customary at a warehouse to sell tobacco by samples and to guarantee that the samples fairly represent the grade, quality and condition of the tobacco sold, and to allow reclamations if the tobacco sold proves inferior to the samples, and certain owners of tobacco agree with a solicitor that if he will make the guarantee and pay such reclamations as may be allowed they will repay him, and he makes the guarantee and pays the reclamations, they cannot escape liability by notifying him before the reclamations are paid not to pay them.

MOODY & BARBOUR for appellant.

TURNER & TURNER and EDWARDS, OGDEN & PEAK for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Alleging that the defendants, J. W. Willhoite, Otho Willhoite, L. Y. Willhoite and Orvie Willhoite, were partners engaged in raising and selling tobacco, and that during the year 1912 they had sold a certain quantity of tobacco at the Kentucky Tobacco Warehouse at Louisville, Kentucky, upon which certain reclamations had been allowed, and that he had paid these reclamations under a contract with the defendants by which they had agreed to reimburse him, plaintiff, R. L. Robertson, brought this action against the defendants for the sum so paid. At the conclusion of plaintiff's evidence the court directed a verdict in favor of the defendants. Plaintiff appeals.

It appears from the evidence of the plaintiff that he was a solicitor for the Kentucky Tobacco Warehouse, one of the warehouses owned and controlled by the Louisville Tobacco Warehouse Company. All tobacco shipped to the warehouse is prized in hogsheads. Before tobacco is sold it is inspected and sampled by inspectors appointed for that purpose. The method of inspection is to select several hands of tobacco which are used and displayed as samples of the tobacco contained in the hogshead from which it is taken. When the tobacco in a hogshead is guaranteed by some one known to the inspectors or buyers to be of the same grade, quality and condition as the samples, the tobacco usually sells for better prices than if such guar-

antee is not made. Plaintiff had been making shipments to and sales at the Kentucky Tobacco Warehouse for many years. He was well known by the inspectors and buyers. Defendants were not acquainted with the inspectors or buyers, and believing that their tobacco would sell for better prices if the samples were warranted or guaranteed, they solicited plaintiff to guarantee the samples of their tobacco, and agreed to indemnify him. This he did, and because of his guarantee he was thereafter compelled to and did pay reclamations amounting to $295.30. Of this sum defendants have paid him only the sum of $91. Reclamations are determined in the following way: After the tobacco is broken up, the purchaser makes complaint to the inspector that the tobacco did not come up to the samples. The inspector selects a sample of the tobacco which he regards as inferior to the original sample, and weighs the tobacco of inferior grade. Then the selling sample and the sample of inferior grade are taken to the reclamation board, composed of members selected by the warehousemen and buyers. This board determines the difference in value between the inferior tobacco and the original sample. The custom of selling tobacco in the manner pointed out and allowing reclamation, if the tobacco proves inferior to the samples, has prevailed in the tobacco warehouses of Louisville for a great many years. The tobacco of the defendants was sold, inspected, and the reclamations allowed, in the usual way.

It is first insisted by defendants that the court properly gave a peremptory in their favor because there was no proof of partnership. Plaintiff, however, testified that each of the defendants had stated to him that they were partners in the tobacco in question, and that one of them had made this statement in the presence of all the others. This was sufficient proof of partnership to take the case to the jury.

Another ground relied on to sustain the peremptory is that the contract was within the statute of frauds, providing that no action shall be brought to charge any person upon a promise to answer for the debt, default or misdoing of another unless the promise, contract, agreement, representation, assurance or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged therewith or his authorized agent. Kentucky Statutes, section 470, sub-sections 4,

**7.** A mere statement of the proposition is sufficient to show that the statute in question is not applicable. Defendants did not undertake to answer for the debt or default of another, but their contract was an original undertaking on their part to answer for their own debt or default. Their undertaking was that if plaintiff would guarantee the samples and pay the reclamations, they would repay plaintiff. Whether or not plaintiff might have evaded his obligation by a plea of the statute of frauds is a question we deem it unnecessary to decide. Even, if he could have done so, however, this would not bring the undertaking of the defendants within the statute. Plaintiff as an honorable business man guaranteed the tobacco and agreed to pay the reclamations. To maintain his standing as an honorable business man it was his right and duty to comply with his agreement. Defendants, who authorized him to make the guarantee cannot complain of the fact that he kept his guarantee good. It is further insisted that defendants are not liable because the inspector was appointed by the warehousemen and not by the city council or the county court in accordance with section 2188, Kentucky Statutes, providing that if a warehouse be within a city the same may be established as an inspection warehouse and inspectors appointed by the city council, otherwise by the county court, and for the additional reason that the method of allowing reclamations is unfair and unreasonable, because the seller is not represented on the reclamation board, which is composed solely of representatives selected by the warehousemen and the buyers. Whether or not the statute in question applies to the warehouse where the tobacco was sold, and whether or not the method of allowing reclamations is unreasonable, are questions which we deem it unnecessary to decide. Defendants consigned their tobacco to the warehouse in question to be sold in accordance with usages therein prevailing. They contracted with the plaintiff on the basis of those usages. In other words, the contract was made solely with reference to the inspection and reclamation methods there employed. These methods were, therefore, an essential part of the contract. Having induced plaintiff to make the guarantee on the faith of their agreement to reimburse him, and thus to suffer a loss on their account, and having contracted solely with reference to the customary methods

employed in inspecting the tobacco and allowing recla-
mations, defendants will not be heard to complain that
the inspector was not appointed in the manner required
by the statute, even if the statute applies, or that the
method of allowing reclamations was unreasonable, if,
as a matter of fact, the inspector was appointed and the
inspection made and the reclamations allowed in the cus-
tomary way.

Lastly, it is insisted that the directed verdict was
proper because there was some evidence tending to show
that defendant notified plaintiff not to pay the reclama-
tions. Even if this be true, it did not absolve defendants
from their liability to plaintiff. He had theretofore
made the guarantee and incurred the obligation to pay
the reclamations on the faith of the promise of the de-
fendants to reimburse him. It was his right and duty as
an honorable business man to keep his guarantee good.
At the time of the notice the liability of the defendants
had also been incurred. Manifestly they could not avoid
their obligations by merely notifying plaintiff not to pay
the reclamation losses which he in good faith had agreed
to pay.

The real issue in this case are: Were the defendants
partners, did the plaintiff guarantee the tobacco and pay
the reclamations, and did defendants agree to reimburse
him for the sum so paid? If they did, they are liable,
and upon all these issues there was sufficient evidence
to take the case to the jury. It follows that the trial
court erred in awarding defendants a peremptory in-
struction.

Judgment reversed and cause remanded for new trial
consistent with this opinion.