## Dyer, et al. v. Staggs.

### Same v. Knapp.

(Decided January 21, 1927.)

### Appeals from Lewis Circuit Court.

1. Venue—In Actions to Recover Sums Paid Out as Sureties on Supersedeas Bonds, Evidence Held Insufficient to Entitle Defendants to Change of Venue.—In action to recover sums paid out by plaintiffs as sureties on supersedeas bonds of defendants, appealing from conviction for possessing illicit still, evidence, showing that sheriff making arrest was man of influence, and that plaintiffs also were influential in the community, whereas defendant was nonresident of state, held insufficient to entitle defendants to change of venue; plaintiffs having introduced witnesses of high standing, who testified that there was no opinion or sentiment in

the county which would prevent defendant from receiving fair trial.

2. Appeal and Error—Reviewing Court Cannot Disturb Ruling on Motion for Change of Venue, in Absence of Showing of Abuse of Discretion.—Reviewing court is without authority to disturb trial court's ruling on motion for change of venue, unless it involved abuse of discretion under proof heard on motion.

3. Frauds, Statute of—Oral Promise of Indemnity, Made to Prospective Sureties as Inducement to Assume Obligation on Supersedeas Bonds, Held Not Within Statute.—Oral agreement by father to repay sureties on supersedeas bonds, given by sons on appeal from convictions for possessing illicit still for any loss which such sureties should sustain held not within statute.

BEN F. THOMPSON for appellants.

HARVEY PARKER, JR., and BROWNING & REED for appellees.

Opinion of the Court by Judge Thomas—Affirming.

The appellant and defendant below, T. N. Dyer, is the father of his two co-appellants and defendants below, John Dyer and Austin Dyer, both of whom are adults. The two sons were indicted in the Lewis circuit court, charged with the offense of possessing an illicit still, and upon their trials they were each convicted and punished with a fine of $500.00 and confinement in the county jail for 60 days. Both prayed an appeal to this court, and before the expiration of 60 days within which they might perfect their appeals they executed before the clerk of the trial court their respective supersedeas bonds with the appellees, C. A. Staggs and W. H. Knapp, as their sureties. The appeals were abandoned by the defendants in the judgments failing to prosecute them within the prescribed time, and the two sureties were compelled to and did pay the judgments, amounting at the time to the sum of $563.00 each. Following that, they each filed these two actions, in one of which Staggs was plaintiff and in the other Knapp was plaintiff. In each they sought a recovery against the sons and their father, the defendant, T. N. Dyer, of the amount they were forced to pay by virtue of their suretyship. For cause of action against the father, plaintiffs alleged that he was a non-resident of the Commonwealth residing in Ohio, and that before signing the two bonds he promised each plaintiff that if they would do so he would indemnify and guarantee each of them against loss or damages resulting from

their respective surety obligations, and that relying upon such promises they were induced to and did sign the bonds, and but for which they would not have done so, and that such promises and agreements were made by T. N. Dyer because of his nonresidency, disqualifying him from becoming surety for his sons.

The demurrers filed by the father to the petitions were each overruled, and his answers denied the promises and agreements relied on to obtain judgments against him, and in another paragraph pleaded the statute of frauds, since the facts were that they were not in writing signed by him, and that they came within subsection 4, section 470 of our statutes denying a cause of action "Upon a promise to answer for the debt, default or misdoing of another," unless the promise, contract or agreement was in writing and signed by the party to be charged, or by his authorized agent, or that it was afterwards ratified in such manner. Defendants demurred to that paragraph of the answer, which the court sustained, and there was a trial before a jury solely on the issue made by the traverse of the first paragraph of the answers, followed by a verdict in favor of plaintiffs, which the court declined to set aside on a motion for a new trial, and from the jujdgments based thereon these appeals are prosecuted, and they are heard together in this court as they were so tried in the court below.

Motions for a change of venue were made before the trial, but only after three days' notice to plaintiffs, whereas section 1095 of our statutes requires that 10 days' notice should have been given. Notwithstanding the defect in the notice the court heard proof, which was made a part of the record and brought to this court, and upon submission the motions were overruled with exceptions. The error of the court in overruling them, and in sustaining the demurrer to the second paragraph of the answer relying on the statute of frauds, constitute the only two grounds urged for a reversal of the judgments, and they will be considered in the order named.

1. Without detailing the evidence or the specific allegations in the petitions for the change of venue it is sufficient to say that defendants wholly failed to prove a case entitling them to the change. Considered in the most favorable light to them it only tended to prove that S. F. Lykins, who was the sheriff of the county at the

time the two sons were convicted, was a man of considerable influence in his county and most vigilant while in office to suppress traffic in liquor. But at the time of the trials here involved his term of office had expired and he had moved out of the county to Birmingham, Alabama; that the two plaintiffs were men of high standing in their respective communities, and defendant, T. N. Dyer, was a nonresident of the state, while plaintiffs were residents of both the county and the state. Surely, counsel for defendants are not serious in the contention that such facts *alone* are sufficient, under the numerous decisions of this court, to authorize us in setting aside the ruling of the trial court in the exercise of his sound discretion in denying the motions. In addition, however, plaintiffs introduced numerous witnesses of high standing, with, perhaps, a majority of them officers or ex-officers of the county, who testified positively that they were acquainted with the opinion and sentiments of the people of the county and that there existed nothing to prevent defendants in these actions from receiving a fair trial by a jury selected from the county. Without citing any of our numerous opinions measuring the duty of the trial court on such hearings, as well as ours on an appeal from his judgment, it is sufficient to say that the notes to section 1094 of our statutes contain a list of them and wherein we held that the facts above outlined fall far short of the requisite showing to entitle the applicant to a change of venue. If, however, we were less convinced of the insufficiency of the showing made by appellants in this case, we would then be without authority to disturb the trial court's ruling, unless it involved an abuse of discretion under the proof heard upon the motion. Drake v. Holbrook, 28 K. L. R. 1319, and L. & N. v. Neathery, 160 Ky. 369.

2. The question presented by the second ground relied on for a reversal is one upon which the courts of last resort are at variance, as will be seen by the text in 25 R. C. L. pages 524-525, pars. 108 and 109, and 27 C. J. 155, section 40. The writers of those texts express the view that the better rule supported by the weight of authority is that promises of indemnity made by a third person to a prospective surety as an inducement and consideration for the latter to assume his surety obligation for the debt of another, does not come within

the statute of frauds, and is, therefore, not required to be in writing in order to bind the one making the promise of indemnity. The text of the latter publication says: ''The better view, however, seems to be that a promise to indemnify a person against liabilities he may incur by reason of some act he may do or perform for a third person, though such third person may also by reason of such act be liable to reimburse the person to whom the promise is made, is not within the statute.'' That of the former publication says: ''By the weight of authority a promise to indemnify the promisee against liability as surety or guarantor of another is not within the statute.'' Note 73 to that text contains cases from 18 states of the union, the Supreme Court of the United States and from the higher courts of England; while in note 74, cases from 9 states are cited holding to the contrary rule. Among the cases supporting the excerpt are the following from this court: Robertson v. Wilhoite, 157 Ky. 58, 162 S. W. 563; Adams v. Brown, 32 S. W. 282, 17 Ky. L. R. 624; Jones v. Letcher, 13 B. Mon. 363; Lucas v. Chamberlain, 8 B. Mon. 276; Dunn v. West, 5 B. Mon. 376; George v. Hoskins, 30 S. W. 406, 17 Ky. L. R. 63; Spurrier v. Nottingham, 7 Ky. L. R. 453. To which may be added North v. Robinson, 1 Duv. 71; Botkin v. Middlesboro Town and Lands Co., 23 Ky. L. R. 1964; and Brashear v. Moran, 1 K. L. R. 417, 1 Ky. Opinions 892. See also annotations in 1 A. L. R. 383.

The George case was one where the wife of the principal debtor verbally agreed to indemnify the surety if he would become such, and in consideration of her promise plaintiff signed the husband's note as surety and afterwards paid it upon his failure to do so. In a suit by the surety against the wife on her verbal promise to indemnify him she relied upon the same defense here interposed, and in overruling it we said: ''The promise upon which this action was based was not made to the creditor of E. C. George. This action is not by the creditor, to whom the debt was due, but it is an action upon a promise to pay appellee any sums of money which he might be compelled to pay by reason of the fact that he signed the renewal note. To induce appellee to sign the note the appellant promised to reimburse him any sums he might be compelled to pay by reason thereof. The testimony satisfactorily establishes the promise. It was

not a promise to pay the debt of another. E. C. George did not owe the appellee a debt. It was simply a promise to indemnify appellee for becoming the surety of E. C. George. It is an original undertaking not within the statute of frauds, and enforceable though the promise be a verbal one. (Dunn v. West, &c., 5 B. M. 381.)''

It was also pointed out in that opinion that the case of Jones v. Walker, 13 B. M. 356, was not an authority to the contrary, since it involved a verbal promise to the creditor that the promisee would pay him a debt due him by another and, therefore, coming strictly within the terms of the statute. The point decided in the George case was directly presented and similarly disposed of in the prior Dunn, Lucas, North cases, and the later Botkin case; while in the other domestic ones referred to the principle announced in those opinions was endorsed. We, therefore, see that this court has aligned itself with what the text writers class as the weight of authority as well as the better rule. It proceeds upon the theory that the promise of indemnity when made to the prospective debtor or surety is an original promise made directly to the latter, and is not a collateral one made to the creditor to pay a debt that another might owe him.

In view of our decisions, to say nothing about the holding of a majority of other courts, there is but one course open to us, which is to hold that the trial court correctly sustained the demurrer to the second paragraph of the answers. The only issue submitted to the jury was whether T. N. Dyer made the verbal promise relied on in the petitions, and the evidence abundantly established that he did.

Perceiving no error prejudicial to the substantial rights of appellants, the judgment in each case is affirmed.