## Caudill v. Finley Bros.

(Decided March 13, 1928.)

### Appeal from Shelby Circuit Court.

1. Partnership.—Evidence held sufficient to take to jury issue of partnership between defendants, in action for balance due on account, and to uphold verdict for plaintiffs.

2. Trial.—Error in refusing instruction defining partnership need not be considered, where court instructed jury to find for defendant denying partnership, unless they believed from evidence that he was partner, that business was operated for his and codefendant's joint benefit, and that he was to receive part of profits and be liable for portion of losses; such instruction being definition of term as favorable to him as he could ask.

3. Payment.—In action for balance on account, instruction to find for plaintiff on counterclaim, unless he agreed to accept check, given by third party to defendant, at its face value without recourse on defendant, and to credit amount on latter's indebtedness, fairly submitted issue of payment to jury.

4. Sales.—Dairymen knowingly selling sour milk to their patrons as sweet milk cannot recover damages for resulting loss of trade from firm from which they purchased milk.

5. Sales.—Where it did not appear, in action on account for milk sold, that powdering of buttermilk was deleterious, and defendants sold it to their patrons with knowledge of powdering, court properly excluded evidence of resulting loss of sales and restricted damage on defendants' counterclaim to difference between reasonable value of milk in good and actual condition at defendants' plant.

6. Witnesses.—Where witness, not party to suit, was excused without being asked whether he was partner in defendants' firm, objection to subsequent reading of depositions that he represented himself as partner was properly sustained.

7. Continuance.—Where witness was excused without being asked whether he was partner in defendants' firm, court did not abuse discretion in refusing continuance to procure his attendance and lay foundaiton for contradiction of his testimony by asking him as to his representations that he was partner after exclusion of depositions as to such representations.

TODD & BEARD for appellant.

DOOLAN & DOOLAN, GILBERT, PICKETT & MATTHEWS, and R. F. MATTHEWS for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

V. B. and D. D. Finley sued S. F. Caudill and I. C. Wilson as partners under the firm name of the Cumberland Dairy Company, to recover $565.28 balance on account for milk. The defendants denied that S. F. Caudill was a partner or indebted at all to plaintiffs, and in a counterclaim Wilson alleged that plaintiffs had charged 35 cents per gallon for sweet milk, whereas the contract price was only 25 cents per gallon, and sought an abatement for this sum. He also alleged that the milk furnished was of an inferior quality and impure, and that the sale of this to his customers had destroyed the good will of his business and damaged him to the extent of $2,500, and further asserted that plaintiffs had accepted in part payment on the account a check for $300 which was given by a third party to him. The affirmative allegations of the answer were controverted by reply, and, from a judgment for plaintiffs for the full amount of their claim, Caudill appeals.

The first insistence is that the appellant, Caudill, was entitled to a directed verdict. As to this Van B and D. D. Finley testified that they have a milk depot

in the city of Louisville; that they were acquainted with
Caudill as a prominent dairyman living in Shelby
county; that in the spring of 1925 Mr Caudill came to
their place of business and informed them that he was
going to open up a milk plant at Poor Fork, in Harlan
county, Ky., and asked for prices on sweet and butter
milk; that they quoted the prices later charged on the
account and fixed terms payable every two weeks, and he
left, saying that he was going to see Gray-Von Allmen,
another milk dealer in that city; that he returned in
an hour or two and told them that he was going
to deal with them, and would send them a telegram
when to ship, and that about a week later he came in with
Mr. Wilson and introduced him as the man who was
going to run the plant. A short time afterward Mr.
Wilson wired them to send the milk and they shipped
it in the name of the Cumberland Dairy Company. Busi-
ness continued during July, August, and September,
but payments fell behind in the later months and had
since ceased, leaving the balance due them. Clinton
McAfee testified that Mr. Caudill employed him at $15
per week to go to Poor Fork and work at the dairy,
which he did, remaining during June, July, and August;
that Mr. Caudill at the time of his employment told him
that he (Caudill) was a partner and offered to give him
an interest in the business to stay and run it for him.
Other witnesses testify that Mr. Caudill told them that
he was interested in the business; and to some of those
he tried to sell an interest. Both Caudill and Wilson
deny that Caudill had any interest in the business what-
ever, except by financial assistance to Mr. Wilson, who
had formerly worked for him, and in selling butter to the
firm. Caudill admits visiting Finley Bros. for Wilson
and introducing Wilson to them, but denies the conver-
sation as detailed by them. He says that he furnished
Wilson some machinery from his Shelbyville plant and
purchased other machinery in Louisville which he ship-
ped him; that he also shipped him $54 worth of butter;
that Wilson is still in debt to him for a part of this.
Wilson corroborates this and claims that the sweet milk
was purchased at 25 cents a gallon and sold to him at 35
cents; that toward the last the milk was soured and very
poor and its sale caused him to lose his trade. He fur-
ther testifies tha the had sold a half interest in the busi-
ness and received a check for $300 in payment; that

the purchaser had stopped payment on the check; that he informed V. B. Finley of this fact; and that he stated that he could collect it any way and agreed to accept it as a credit on his account and gave him a receipt therefor. Wilson also claims that McAfee was a partner in the business, though this is denied by McAfee. The quality of the milk is also upheld by the members of plaintiff's firm, and who also contradict Wilson's version of the check transaction. Certainly this evidence is sufficient to submit the issue of partnership to the jury and to uphold their verdict.

2. The next insistence is that the court erred in refusing an instruction offered by the defendant defining partnership. It is unnecessary to consider this, however, as the court gave the following instruction offered by defendant, reading:

> "Unless the jury believe from the evidence that the defendant S. F. Caudill was a partner in the business conducted by the Cumberland Dairy Company and that the said business was operated for the joint benefit of S. F. Caudill and I. C. Wilson, and the said S. F. Caudill received or was to receive under the contract with I. C. Wilson a part of the profits and was likewise to be liable for a portion of the losses, they should find for the defendant S. F. Caudill."

This was to all intents and purposes a definition of the term and was certainly as favorable to appellant as he could ask. As to the check transaction, the court instructed the jury:

> "If the jury believe from the evidence that the plaintiff agreed to accept the check of $300 at its face value without recourse on the defendant, and credit said amount on defendant's indebtedness, it should find for the defendant the sum of $300, the amount claimed; unless the jury so believe it should find for the plaintiff on this counterclaim."

While criticized, we think this instruction fairly submitted the issue of payment to the jury. It is next urged that the court erred in not permitting proof of the damage of the good will of defendant's business caused by the sale of sour and impure milk. There was evidence that some of the sweet milk had soured; that defendants complained of this, and plaintiffs credited them

by the amount claimed; hence defendants knew of the condition. There was no other evidence of any other impurities in the sweet milk, and, if defendants knowingly sold sour milk to their patrons, plaintiffs are not liable for their loss of trade occasioned thereby. It is also said that some of the buttermilk was powered, but it does not appear that this is deleterious; at any rate, defendants also knew of it, and in selling this to their patrons the same rule would apply; hence we think the court properly excluded the evidence of loss of sales occasioned thereby and restricted the damage on the counterclaim "to the difference, if any, between the reasonable value of the milk at Poor Fork, if it had been shipped in good condition, and the value of it in the condition it was shipped, not to exceed the amount claimed, etc."

Defendants had taken the depositions of several witnesses tending to show that McAfee while at Poor Fork had represented himself to be a partner in the firm. On the trial of this case McAfee testified during the morning without being asked as to these matters and was excused as a witness. On the introduction of their testimony defendants offered to read the testimony of these witnesses on that point as substantive evidence. An objection was sustained on the ground that McAfee was not a party to the lawsuit and no foundation had been laid for his contradiction as a witness. The objection was sustained. Defendants excepted and moved the court to continue the case until they could procure the attendance of McAfee and lay the foundation for contradiction by asking him as to these statements. This was also overruled and exceptions taken. In the first instance the court was clearly right, and we are not prepared to say that he abused his discretion in refusing to delay the trial for the purpose of procuring a witness whom the parties had been awarded an ample opportunity of interrogating. Other objections of a minor nature are made, none of which would authorize a reversal, and to which a further reference is not deemed necessary.

Wherefore, perceiving no error, the judgment is affirmed.