## Thompson's Administrator v. First National Bank of Harrodsburg.

(Decided May 9, 1930.)

HENRY JACKSON, I. C. JAMES, C. T. CORN, R. S. ALCORN, GALVIN & TRACY and THOS. D. SLATTERY for appellant.

C. E. RANKIN and E. H. GAITHER for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is the second appeal of this case. The opinion on the former appeal is reported in 225 Ky. 399, 9 S. W. (2d) 123, 129, where an elaborate statement of the facts may be found. In the course of that opinion, after stating that both the appellant and appellee had concurred in the employment of Hal Corbett, we said:

> "If it was intended by such employment for Corbett to act as the agent of each to the extent of his respective interest and the bank retained its right to control and direct his actions, or continued to assert such control, he became its agent to the extent of its interest and Thompson would not be liable to it for its loss occasioned by his defalcation and should not be required to pay its lien debts existing at the time of such defalcation. There was an issue of fact on this question which should have been submitted to the jury under proper instructions. . . .
>
> In conclusion, it might be said that the issues here presented are largely equitable. A motion was made by appellee to transfer to equity and never acted upon. But it is unnecessary to discuss questions of practice as the above conclusions leave but a single issue triable by jury. The instructions of the court not being in accord with the above views, the judgment is reversed and cause remanded for proceedings consistent with this opinion."

On the return of the case to the lower court, a trial was had at a special term held in June, 1929, resulting again in a verdict for the appellee, and from the judgment entered on that verdict, this appeal is prosecuted. The original appellant has died pending this appeal, but it has been duly revived. We shall in the course of this opinion, however, refer to Mr. J. B. Thompson as the appellant.

Although both appellant and appellee elaborated the details of the case which they had respectively proved on the first trial, still the essential facts adduced on the last trial were practically the same as the essential facts adduced on the first trial. It results that the opinion of this court on the first appeal is now the law of the case.

As grounds for reversal, appellant insists that the court erred in refusing appellant's motion to transfer the case to equity; erred in overruling his petition for a change of venue; erred in refusing to disqualify alleged interested jurors; erred in refusing to sustain appellant's motion for a peremptory instruction; and erred in the instructions it gave. Appellant also insists that the verdict is flagrantly against the evidence.

■ So far as the first ground is concerned, the opinion on the former appeal stated that there was in this case but a single issue which should be tried by the jury. Aside from this, it appears in the opinion on the former appeal that the appellant had objected to the appellee's motion to transfer this case to equity when this action first got under way, and his objection had been sustained. Appellant never withdrew his objection nor made a motion to transfer this action to equity until after this case had been tried, appealed, and reversed. He then did move the court to transfer the action to the equitable docket. The appellee objected to the motion, at the same time withdrawing its like motion made at the outset of the case. The court overruled the motion of the appellant, and properly so, not only because of what we said in the opinion on the former appeal as to the character of the issue to be tried, but also because appellant's motion came too late. See Clark v. Cooper, 197 Ky. 530, 247 S. W. 929.

At the January term of the Mercer circuit court, the appellant filed an affidavit and motion to require the regular circuit judge to vacate the bench and also a petition for a change of venue. The circuit judge at first overruled the motion to vacate the bench on the theory that he had a right to question the verity of the statements in the affidavit filed in support of the motion. As they reflected upon the integrity of the judge, he naturally resented them, and expressed his resentment in the presence of the jurors assembled for that term of the court and the litigants and spectators who happened to be present. Later on, and during the same term, the cir-

cuit judge having come to the conclusion that, under the opinions of this court, he was powerless to question the verity of the statements contained in the affidavit filed in support of the appellant's motion to have him vacate the bench, he set aside his former ruling and vacated the bench, but at the same time, and again in the presence of the jurors and spectators there assembled, denied the truth of what was set out in the affidavit, and gave expression to the resentment he naturally felt. Thereupon a special judge was designated by the Chief Justice to try this case. In March this special judge heard the motion for a change of venue, and overruled it. In so doing it is argued that the special judge abused his discretion. Appellant's motion for a change of venue was supported by two affidavits, the substance of which was that the appellee was very powerful in the community; that, because of its relationships with its depositors and borrowers, stockholders and relatives of its officers, its influence was extensive and pervading, and that the circuit judge in his publicly made statements at the time he was hearing the motion to require him to vacate the bench had poisoned the minds of the residents of the county against the appellant.

The appellee filed eleven affidavits, that of its president, that of its cashier, and those of nine citizens of the county, including several prominent public officials. These affidavits contradicted the allegations in the two affidavits filed by the appellant, and stated that the appellant could get a fair and impartial trial in that community. This case was not tried by the jury summoned for the January term and before whom the regular circuit judge had expressed his views about appellant's affidavit filed in support of his motion to require that circuit judge to vacate the bench, but by the jury summoned for the May term which had been carried over to the special June term. It is not shown that any of these May jurors heard or knew of the regular circuit judge's remarks made before the January jurors. It is settled that this court will not reverse the ruling of the circuit court on a motion for a change of venue, in the absence of a showing of an abuse of discretion on the part of the trial court. Dyer v. Staggs, 217 Ky. 683, 290 S. W. 494. As the proof offered by appellant in support of his motion for a change of venue was so overwhelmingly con-

tradicted by that offered by the appellee, and as it is not shown that the May jurors heard or knew of the passage between appellant and the regular circuit judge at the January term of the court, we cannot say that the special judge abused a sound discretion in overruling the motion. The facts upon which appellant sought a change of venue, even if uncontradicted, are strikingly similar to those which were held insufficient for the purpose in the case of Mathis v. Bank of Taylorsville, 136 Ky. 634, 124 S. W. 876. We find no merit in appellant's second contention.

It is next contended that the court erred in refusing to disqualify alleged interested jurors. The facts upon which it is claimed the interest of the complained of jurors was established were brought out on oral proof heard in court. This proof was correctly embodied in the bill of exceptions, but the error, if any, of the court in refusing to disqualify these jurors, was not made a ground in the motion for a new trial. While, of course, the appellant was required to object at the time the jurors were qualifying, and while, of course, it devolved upon him to embody the evidence and proceedings upon which he relied to show their disqualification in the bill of exceptions, it was also his duty to bring the alleged error to the attention of the trial court in his motion and grounds for a new trial to the end that the court might have the opportunity to correct any error in this regard of which he was convinced. Thus, in the case of I. C. R. Co. v. Burton, 79 S. W. 231, 232, 25 Ky. Law Rep. 1916, the record showed that the case had been tried by eleven jurors. The record did not show that the appellant had consented to such a jury. In refusing to reverse the judgment because of the error in trying the case with eleven jurors, we said:

"Under the numerous adjudications of this court, if the error complained of occurred during the progress of the trial, and was not made the subject of an objection in the grounds for a new trial, this court will not consider it. Our opinion is that the appellant is not entitled to have its attack upon the verdict sustained, because it failed to complain in its grounds for a new trial that the jury was composed of 11 men."

It follows that the third contention of appellant cannot be considered.

■ So far as appellant's contention as to having been entitled to a peremptory instruction is concerned and his contention that the verdict is flagrantly against the evidence, we have seen that the evidence produced by both sides was not essentially different from that produced on the former trial, and in the opinion on the former appeal we said that the case was one for the jury on the issue therein set out. That opinion being the law of the case, it follows that the appellant was not entitled to a peremptory instruction. Nor can we say that the verdict is flagrantly against the evidence.

■ So far as the instructions are concerned, instruction No. 2 is complained of because the court there told the jury that the employment of Corbett had been with the consent and approval of Thompson. The opinion on the first appeal so held. We there said that the only question to be tried was whether or not Corbett, although employed by Thompson, was also employed by the bank to represent its interests along with his representation of Thompson's interest. This issue was fairly submitted under the instructions.

The judgment is affirmed.