## Chicago, B. & Q. R. Co. v. Blakemore.

(Decided Oct. 10, 1933.)

D. H. HUGHES for appellant.

BEN S. ADAMS for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

George Blakemore, an employee of M. E. Lane and C. C. Leonard, was engaged in carrying cross-ties from a stack near the railroad tracks and loading them in a car of the Chicago, Burlington & Quincy Railroad Company. In his original petition he set up a cause of action against Lane and Leonard, charging that he sustained his injury through the negligence of their inspector while he was acting under the direction and command of the defendants. Later, he filed an amended petition making the Chicago, Burlington & Quincy Railroad Company a defendant. He charged that, while engaged in carrying a cross-tie from the stack to its car, its inspector negligently caused him to fall

and be injured by the tie he was carrying. He further charged that the Chicago, Burlington & Quincy Railroad Company and Lane and Leonard, by and through the negligence of their agents, caused his injury. The Chicago, Burlington & Quincy Railroad Company filed its petition, tendered a bond, and entered a motion for the removal of the action, as to it, to the United States District Court for the Western District of Kentucky. The court by proper order sustained the motion and granted the removal. Blakemore appeared in the United States District Court and entered a motion to dismiss the action without prejudice. His motion was sustained, and an order was entered accordingly. Thereafter he filed a "second amended" petition in the state court, wherein he set out the removal of the cause to the United States District Court, "and reaffirmed all the allegations of the original and first amended petition, and asked for a judgment for $2,999.00 against the defendants," and caused a summons to be issued for the Chicago, Burlington & Quincy Railroad Company, which was executed on it. With this "second amended" petition he filed as an exhibit a certified copy of the order of the federal court. In response to the summons served on it, the Chicago, Burlington & Quincy Railroad Company appeared and entered its motion to dismiss the "second amended" petition. Blakemore thereafter entered a motion to strike from the caption of the "second amended" petition the words "second amended." Also to strike from it the words, "He now begs leave of the court to file this second amended petition, and he reaffirms all the allegations made in in his original petition and in addition thereto and for his amendment thereof." The Chicago, Burlington & Quincy Railroad Company, without waiving its motion to strike the "second amended" petition, but expressly protesting, filed its answer to the "second amended" petition.

Blakemore filed a statement declaring that "he is not prosecuting this action against either of the defendants M. E. Lane or C. C. Leonard, but is prosecuting it against the defendant, The Chicago, Burlington & Quincy Railroad Company."

With the pleadings in this condition, Blakemore and the Chicago, Burlington & Quincy Railroad Company announced ready for trial, and proceeded to try

by a jury the issues thus formed, which resulted in a verdict in favor of Blakemore, and against the Chicago, Burlington & Quincy Railroad Company, for $500. The Chicago, Burlington & Quincy Railroad Company entered a motion for a judgment notwithstanding the verdict. It also filed motion and grounds for a new trial. It requested a new trial on the grounds "the verdict is contrary to law, contrary to the evidence, and errors in instructions 1, 2, and 3, and because of the admission of incompetent evidence in behalf of the plaintiff, and the refusal of the court to permit it to introduce competent evidence." It will be noticed that no objection was made to the filing of the "second amended" petition, and the motion to strike it from the files was not acted on or disposed of by the trial court. No request was made to the court for a ruling thereon. Neither is the motion to strike this pleading from the record, nor the action or the nonaction of the court on the motion, presented as grounds for a new trial. The refusal of the court to instruct peremptorily the jury for the defendant and its overruling the motion for a judgment notwithstanding the verdict are not set up in the motion and grounds for a new trial. In the brief of the Chicago, Burlington & Quincy Railroad Company it is stated:

> "It appears also in briefing this case for the court of appeals, it should be sufficient to call the court's attention to the errors of the trial court in permitting the filing of the 'second amended' petition after the case had travelled into and through the federal court and ended there by dismissal which put the appellee entirely out of any court."

Considering, without determining, that, after the removal of the action to the federal court and its dismissal, no action was pending in the state court, and for this reason it was improper to permit the "second amended" petition to be filed, yet, after the railroad company was summoned on it, and entered its motion to strike it from the files, the parties and their counsel entered into a trial of the issues before a jury. Thus they treated the motion to strike it from the files as abandoned by the railroad company. Since no disposition of the motion to strike the "second amended" petition was made by the court below, the railroad company is in no position to present and press

the question in this court. Not only did it fail to cause the court to dispose of its motion, but it failed to complain of the action, or nonaction, of the court in its motion and grounds for a new trial. If its failure to have the court to pass on its motion to strike is not in itself sufficient to constitute a waiver, its failure to complain thereof in its motion and grounds for a new trial precludes its right to complain in this court. It is a uniform ruleo f practice, embraced by subsection 8 of section 340, Civil Code of Practice, that specific errors of the circuit court to which exceptions were taken during the trial must be mentioned in the motion and grounds for a new trial. This construction of the Code is an old one, and has been applied in hundreds of cases, and recently in Brown v. Union Packing Company, 229 Ky. 198, 16 S. W. (2d) 1024; Thompson's Adm'r v. First National Bank, 234 Ky. 252, 27 S. W. (2d) 978; Gayheart v. Smith, 240 Ky. 596, 42 S. W. (2d) 877; Farley v. Lexington Roller Mills Company, 245 Ky. 723, 54 S. W. (2d) 8. Conceding that after the action was dismissed by the federal court, Blakemore was without right to file, and the court was without authority to permit him to file, "a second amended petition," the railroad company, under the rule enunciated in the cases, supra, cannot now rely for the first time in this court on the motion to strike the "second amended petition." Doubtless, if it had requested it, the court would have passed on its motion. If its ruling had been adverse to it, it at least would now be in a position to present the question for review in this court. It had the right to join issue and participate in the trial of the action notwithstanding Blakemore was without right to file "a second amended" petition and the circuit court erred in permitting him to file it. It is stated in the brief that the railroad company entered the trial under protest. The record shows that it announced ready and engaged in the trial without objection in any manner, and without requesting or causing the court to pass on its motion to strike from the file the "second amended" petition. Such action on its part was in no sense a protest as it is asserted in its brief. Another statement in its brief is: "While the evidence largely preponderates in favor of the appellant as to the circumstances of the accident complained of, yet, under the fair, liberal rules in our courts the jury is permitted to pass upon the evidence,

and its verdict is surrounded by a great deal of sanctity." Without considering this as an admission, an examination of the evidence discloses it was sufficient to authorize the submission of the case to the jury and to sustain its verdict. The jury accepted that in behalf of Blakemore, and no reason is shown by the record, or pointed out in brief, authorizing this court to interrupt its verdict.

It is stated in its brief that, by reason of the course pursued by Blakemore, he escaped the payment of the state tax required by statute (Ky. St., Sec. 4238) on the filing of the action for the amount sought to be recovered by it. But it is not insisted that this is a ground of reversal, nor do we so consider it. No other questions are argued in its brief. For this reason no other ground is considered in this opinion.

The judgment is affirmed.