## OAKES v. JENSEN.

Court of Appeals of Kentucky.
Nov. 21, 1952.

Rehearing Denied May 8, 1953.

Mapother & Morgan, Louisville, for appellant.

Raymond C. Arny, J. Allen Sherman, Louisville, for appellee.

SIMS, Justice.

This action was instituted by Edward Jensen against Henry Oakes to recover $5,400 damages on the ground that Oakes had maliciously prosecuted two forcible detainer warrants and one peace warrant against him. On the trial Jensen recovered $1,290 damages and in seeking a reversal of that judgment Oakes insists the trial judge erred: (1) In not sustaining his motion for a directed verdict to so much of the action as was based upon the forcible detainer warrants; (2) in not properly instructing the jury.

Jensen by an oral agreement rented an apartment by the month from Oakes at 3605 Broadway in Louisville. Effective July 1, 1947, under the Federal Rent Control Act, 50 U.S.C.A.Appendix, § 1881 et seq., landlords were authorized to increase rentals by 15%, provided tenants agreed to the raise. Jensen did not agree to this increase and on July 25 Oakes mailed him a registered letter demanding the premises upon three grounds: (1) Jensen was violating the rental agreement; (2) he was re-

fusing to give the landlord free access to the apartment to collect the rent and for the purpose of inspecting the premises; (3) Jensen was abusive and threatened the landlord without just provocation. A fourth ground, not contained in the letter, was that the neighbors were complaining of Jensen. Similar letters were written by Oakes to the other tenants in the building.

Jensen refused to surrender possession of the apartment and on August 25 Oakes instituted a forcible detainer proceeding, which was dismissed without prejudice by the magistrate on September 19, upon Oakes failing to appear upon the second call of the case. While that action was pending, Oakes, on August 28, obtained a peace warrant in the Louisville Police Court against Jensen, under which the latter was tried and acquitted. Oakes instituted a second forcible detainer proceeding under which Jensen was tried on September 26 and was acquitted.

Oakes did not seek the advice of an attorney in suing out any of these warrants and the proof is conflicting as to whether or not he had the forcible detainer proceedings instituted in good faith or was using them in an attempt to coerce Jensen into agreeing to the increase in the rent. Therefore, the court properly refused to direct a verdict for Oakes on the question of whether these detainer warrants were prosecuted maliciously or in good faith. It was held in Baber v. Fitzgerald, 311 Ky. 382, 224 S.W.2d 135, that maliciously suing out forcible detainer warrants to annoy and harass a tenant will support an action for malicious prosecution. Oakes admits in his brief there was sufficient evidence to take the case to the jury on the question of whether the peace warrant was maliciously prosecuted.

The complaint concerning the instructions is that the court did not give an instruction defining "probable cause". There are two answers to this complaint. First, the motion and grounds for a new trial did not mention the instructions. True, it states, "there was an error of law occurring at the trial", but this ground is not sufficiently specific under the Civil Code of Practice, § 340(8) to question the

correctness of the instructions. Engleman v. Caldwell & Jones, 243 Ky. 23, 47 S.W. 2d 971; Chicago, B. & Q. R. Co. v. Blakemore, 250 Ky. 604, 63 S.W.2d 770. It is the familiar rule in this jurisdiction that where no objection is made to the instructions in the motion for a new trial, they cannot be questioned in this court on appeal. Oliver v. Muncy, 262 Ky. 164, 89 S.W.2d 617. Second, an appellant will not be heard to complain of the court's omission to give an instruction when he failed to make a request for it in writing. Helge v. Babey, 228 Ky. 197, 14 S.W.2d 757. It is only fair to state here that counsel who represented Oakes on this appeal did not represent him in the trial court.

The judgment is affirmed.