946

## VOILS v. NEWARK FIRE INS. CO.

## VOILS v. WESTERN ASSURANCE CO.
### Nos. 2409, 2411.

United States District Court
W. D. Kentucky. Louisville.
July 21, 1953.

Carl K. Helman, Louisville, Ky., for plaintiffs.

Percy Brown, Jr., Ogden, Galphin & Abell, Louisville, Ky., for defendants.

SHELBOURNE, Chief Judge.

Each of the above styled and numbered cases was filed in the Jefferson Circuit Court June 23, 1952, and was upon petition of the defendant removed to this Court because of diversity of citizenship.

The case against Newark Insurance Company sought to recover $4,500, the amount of a policy of fire insurance issued to the plaintiff February 27, 1952, insuring against loss by fire upon the contents of a one-story brick building, situated in Louisville, Kentucky, and known as 223 East Market Street.

Action No. 2411 against the Western Assurance Company, sought to recover $4,000 the amount of indemnity against loss by fire provided in a policy issued February 27, 1952, in the sum of $4,000, on the contents of the same building referred to in the Newark policy. The building and contents were destroyed by fire March 9, 1952.

Separate answers were filed, consisting of denials of certain averments in the petition and in the second defense, the defendants asserted that in addition to the two policies above referred to, there was a third policy issued by the Home Insurance Company, upon which suit had been filed in the Jefferson Circuit Court, indemnifying plaintiff in the sum of $2,500.00, against loss by fire on the contents of the building described in the Newark and Western policies.

Defendant claimed that its liability was limited to a sum no greater than its pro-rata share of any proven loss or damage to the contents.

An amended answer was filed January 9, 1953, in which defendants alleged that plaintiff in filing her proof of loss stated under oath that "The actual cash value of said property at the time of the loss was $14,297.95", when in fact the value of said contents was materially less than $11,-000, and that the alleged misrepresentation of value constituted a false swearing and avoided the policies under a provision which each policy contained providing that if the insured wilfully misrepresented any material fact or circumstance concerning the insurance or the interest of the assured therein, the entire policy would be void whether before or after the loss.

The fourth defense interposed by the amended answer alleged that plaintiff stated under oath that her ownership interest in the property destroyed was sole or complete when in fact the property was owned jointly by the plaintiff, her husband John W. Voils and Claude Voils, her son, as partners.

It was alleged that plaintiff's statements with respect to her sole ownership of the

property also constituted false swearing, which also voided the policy.

The fifth defense re-alleged the ownership of the property jointly and in partnership with Claude Voils, the son and John W. Voils, the husband, and sought to limit the liability of the defendants to the actual cash value of plaintiff's insurable interest in the property.

A trial to a jury was had on January 21, 1953, and the case was submitted to the jury upon three interrogatories, the answers to which constituted the verdict of the jury. The interrogatories were as follows:

"1. What amount of money do you find from the evidence in this case will fairly and reasonably represent the cash value of the contents of the building at 223 East Market Street destroyed in the fire on March 9, 1952?"

The jury answered this interrogatory as follows—

"1. We, the Jury, in answer to the foregoing interrogatory, find the cash value of the property constituting the contents of the building at 223 East Market Street and and destroyed in the fire of March 9, 1952 to be $11,601.55".

Interrogatory No. 2 was as follows—

"What interest did the plaintiff Eva Voils own in the merchandise constituting the contents of the building at 223 East Market Street on March 9, 1952?"

The jury answered—

"We the Jury, in answer to the foregoing interrogatory, find that on March 9, 1952, the plaintiff Eva Voils' interest in the contents of the building at 223 East Market Street was sole owner."

Interrogatory No. 3 was as follows—

"Do you find from the evidence, that in her proofs of loss submitted to the defendant companies following the fire of March 9, 1952, the plaintiff Eva Voils did or did not wilfully and for the fraudulent purpose of collecting the policies, represent her ownership to be the entire or sole ownership of the contents of the building, when in fact she was the owner of one-fourth interest in said contents?"

The jury answered this as follows—

"We, the jury, find from the evidence that in her proofs of loss submitted to the defendant companies following the fire of March 9, 1952, the plaintiff Eva Voils did not wilfully and for the fraudulent purpose of collecting the policies, represent her ownership to be the entire or sole ownership of the contents of the building, when in fact she was the owner of one-fourth interest in said contents."

Following the verdicts of the jury and the judgments entered thereon, the defendants filed motions to set aside the verdict of the jury answering the second interrogatory propounded to them and to enter judgment against the defendant Newark Fire Insurance Company in the sum of $1,186.-52 and in the sum of $1,054.68 against the Western Assurance Company.

Defendants urge in support of their motions that even measured by the plaintiff's proof, Eva M. Voils owned only a twenty-five percent interest in the merchandise destroyed in the fire and that the remaining interests were owned by John W. Voils and Claude Voils, who owned twenty-five percent and fifty percent interest respectively as named.

Defendants claim the following facts as "strong and convincing if not conclusive evidence" that Voils Army Goods Store was a partnership and that the plaintiff Eva Voils' interest is but twenty-five percent of the value thereof, based upon the law that a contract of fire insurance insures only the interest of the person named in the policy and only to the extent of the named insured's insurable interest.

The facts and circumstances relied upon by the defendants are—

1. The Voils—(Eva, John W. and Claude) filed partnership information tax returns reflecting ownership and operation of the Voils Army Goods Store as a partnership.

2. The Voils shared the profits on the business and also the losses.

3. The Voils issued financial statements showing themselves to be partners in order to obtain credit

4. John W. and Claude Voils transacted business of the partnership not as employees, but holding themselves out as partners.

Plaintiff claims the following facts show there was no partnership—

1. She filed a statement of partnership in the County Clerk's Office, as required by Section 365.010, K.R.S., showing Eva Voils to be the sole owner.

2. There was no agreement between Eva Voils, John W. Voils and Claude Voils to share losses, the agreement being that John W. and Claude Voils should receive a percentage of the profits.

3. Eva Voils obtained licenses for the operation of the business, showing her to be the sole owner.

4. Eva Voils had to countersign all checks.

5. Eva Voils supplied all of their firm capital.

6. She alone was responsible for many of the named transactions.

This question of partnership or no partnership was submitted to the jury.

In 47 C.J., page 733, Section 140, it is said—

"Questions of Law and Fact as to Existence of Partnership.

"What will constitute a partnership is a matter of law, but whether a partnership exists under the evidence is one of fact for the jury, unless in the opinion of the court, but one inference can be drawn by reasonable men."

In 68 C.J.S., Partnership, § 59, it is said—

"The question what will constitute a partnership is a matter of law for the court, but whether a partnership exists under the evidence is a question of fact for the jury, and whether a partnership exists between particular persons has been said to be a mixed question of law and fact."

In Caudill v. Finley Bros., 223 Ky. 544, 4 S.W.2d 368, 369, there was a suit by a creditor against two defendants as partners, one defending upon a denial of any partnership interest. The Court said:

"Certainly this evidence is sufficient to submit the issue of partnership to the jury and to uphold their verdict."

In Robertson v. Wilhoite, 157 Ky. 58, 162 S.W. 563, 564, in a suit by a creditor against alleged partners, the Court directed a verdict for the defendants, which was reversed by the Court of Appeals and in the course of an opinion, the Court said:

"It is first insisted by defendants that the court properly gave a peremptory in their favor because there was no proof of partnership. Plaintiff, however, testified that each of the defendants had stated to him that they were partners in the tobacco in question, and that one of them had made this statement in the presence of all the others. *This was sufficient proof of partnership to take the case to the jury.*" (Emphasis added.)

In Mathis v. Bank of Taylorsville, 136 Ky. 634, 124 S.W. 876, 879, the issue of partnrhip was submitted to the jury. The Court said—

"While there is a sharp conflict in the testimony, and much to sustain the contention of appellant that no partnership existed, the question was one for the jury, and we cannot say that their verdict is flagrantly against the evidence." See also Guthrie v. Foster, 256 Ky. 753, 76 S.W.2d 927.

Defendants cite Paul v. Cullum, 132 U.S. 539, 10 S.Ct. 151, 33 L.Ed. 430. This case is distinguishable because in the case there was a written partnership agreement which the Court had construed. Defendant also relies upon Bowman & Cockrel v. Ed. Blanton & Company, 141 Ky. 407, 132 S.W. 1041, which holds that an agreement to share profits and losses always results in a partnership.

In the case at bar, there was a sharp issue as to whether there was any agreement between Eva Voils, John W. Voils and Claude Voils to share losses.

This Court is therefore of opinion that the question of partnership was properly submitted to the jury.

Defendants' motions should therefore be overruled and an order to that effect is this day being entered.